No. 57.—GWYNN ALLISON, plaintiff in error, *vs.* THOMAS CHAFFIN and another, defendants.

[1.] Where an appeal is entered, according to the Act of 1839, whenever there is more than one party plaintiff, or defendant, the party not appealing is bound by the first verdict; but as the whole record is taken up by the appeal, the plaintiff is not entitled to have execution against the party not appealing, until the final trial on the appeal.

[2.] Where a verdict and judgment has been rendered against three defendants, in the Inferior Court, and one of them only enters an appeal to the Superior Court, and, upon the appeal trial, a verdict and judgment was rendered against the parties not appealing: *Held,* that the judgment so rendered against the parties not appealing, was irregular, and should be vacated.

Motion to set aside a judgment, in Greene Superior Court. Decided by Judge JOHNSON, March Term, 1850.

This was a motion to set aside a judgment against Chaffin and Dickinson, upon the following agreed statement of facts :

" Suit was instituted in Greene Inferior Court, against Chaffin and Dickinson, and one John W. Battle, upon a joint and several promissory note, made by Chaffin as principal, and by the firm of Dickinson & Battle as securities.   At the time, Battle resided in Greene County, and Chaffin and Dickinson in Taliaferro. Judgment was rendered, in the Inferior Court, against all the defendants, from which judgment Battle alone appealed.   On the appeal, Battle filed three pleas :  1st. The general issue.   2d. Notice to plaintiff to sue Chaffin, and failure to comply within proper time.   3d. That the firm name was signed by Dickinson, without any authority from Battle, or resulting from their co-partnership.   Upon the trial of the appeal, there was a verdict for Battle, and against Chaffin and Dickinson ; and on this verdict the judgment was rendered."

The motion to set aside was on the ground—

1st. That if the verdict of the Jury was in favor of Battle, on the second plea, the notice to sue enured to the benefit of the firm of Dickinson & Battle, and Battle being discharged, Dickinson was also discharged, and the judgment is a nullity.

2d. That Battle being the only defendant resident in Greene County, and being discharged on the third plea—that he had never been bound as a co-obligor—the Courts of Greene County were ousted of jurisdiction over the non-resident defendants; or, rather, the Court never had jurisdiction—there being no co-obligor residing in said County ; and the judgment is, therefore, a nullity.

3d. That the suit being a joint action upon a joint contract, and it appearing, by the verdict, that Battle had never been a party to the contract, no judgment could be legally entered up on the verdict, against Chaffin and Dickinson.

The Court overruled the first ground, but sustained the second and third grounds, and granted the motion.

To which decision, sustaining the second and third grounds, and granting the motion, Allison excepted.

CONE, for the plaintiff in error, submitted the following points and authorities :

1st. If the Court has jurisdiction at the time of the commencement of the action, such jurisdiction cannot be divested by any thing subsequent. *Mollan vs. Torrance,* 9 *Wheat.* 537. *Read vs. Renaud,* 6 *Smedes & Marsh.* 79.

2d. Courts will not entertain motions to set aside judgments, after any considerable lapse of time. *Soldan & Smith vs. Cook,* 4 *Wend.* 217. *Saffold vs. Kenan,* 2 *Kelly Rep.* 341. *Evans vs. Rogers,* 1 *Kelly,* 466.

3d. An appeal of one of several defendants does not vacate the judgment as to the other defendants. *Hotchkiss,* 601. *Stell vs. Glass,* 1 *Kelly,* 483, 485.

4th. In writs of error, all parties in the Court below must join, and be joined. If some choose not to prosecute the writ, there may be judgment of severance. *Shirley vs. Luneburg,* 11 *Mass.* 379. *Denale vs. Stump,* 8 *Peters,* 526. *Jameson vs. Coleburn,* 1 *Stew. & Port.* 253.

5th. Where nothing appears upon the face of the proceedings, to show a want of jurisdiction, and the objection is not made in the Court below, it cannot be taken in the Court above. *Vamey vs. Vosch,* 3 *Hill,* (*S. C.*) 237. *Beaubain vs. Brinkerhoff,* 2 *Scam.* 269. *Wells vs. Mason,* 4 *Ib.* 84. *Vance vs. Funk,* 2 *Ib.* 263.

A. H. WINGFIELD, for defendant, submitted the following points and authorities :

1st. The Court rendering said judgment, had no jurisdiction, *by law,* over the *persons* of the defendants. *Prince,* 910, 419, 421. *Hotchkiss,* 67. *Bank of Vicksburg vs. Jennings,* 5 *How. Miss. R.* 425.

2d. The Court, having no jurisdiction, *by law,* could not derive it from any other source. Neither waiver, or want of plea, or consent of parties, or even judgment by default and subsequent

consent-rule to plead to the merits, can confer jurisdiction. *Wyatt vs. Judge,* 7 *Porter,* 37. *Hart vs. Mallett,* 2 *Hay. Rep.* 136. *Dickens vs. Ashe,* 2 *Hay. Rep.* 176. *The King vs. Commissioners, &c.* 7 *East.* 80. *Bell vs. Tombigbee R. R. Co.* 4 *S. & M.* 549. *Burroughs vs. McNeil,* 2 *Dev. & Bat.* 301. *Jacob Waggoner vs. Jno. Grove, North Ca. Conf. R. by Battle,* 563. *Prince,* 427. 4 *Ga. Rep.* 50. 5 *Ib.* 529. 3 *Chit. Prac.* 525. *Taylor vs. Phillips,* 3 *East.* 155. *Roberts vs. Monkhouse,* 8 *East.* 547. 1 *Chit. R.* 400. *Osborne vs. Taylor,* 18 *Eng. Com. Law Rep.* 115. 2 *Chit. R.* 237, *or* 18 *Eng. Com. Law Rep.* 317. 4 *Ga. Rep.* 50. *Mortimer vs. Piggatt,* 2 *Dowl.* 616. *Roberts vs. Spurr,* 3 *Dowl.* 554. *Welsh vs. Lywood,* 1 *Bing. New Cases,* 258, *cited in* 3 *Chit. Prac.* 527.

3d. A Court is bound, *ex mero motu,* to notice its want of jurisdiction, and to stay proceedings, though its power in the premises be not questioned by the parties litigant. *Stumps vs. Newton,* 3 *How. Miss. R.* 34. *Ketland vs. The Cassius,* 2 *Dall. R.* 368. *Burroughs vs. McNeil,* 2 *Dev. & Bat. Eq. Rep.* 301. *Pollard vs. Patterson,* 3 *Hen. & Munf.* 67. *Hickman vs. Stout,* 2 *Leigh,* 9. *Kelso vs. Blackburn,* 3 *Leigh,* 299. *See* 3 *Chit. Prac.* 527, *and cases there cited.*

4th. The Court, not having jurisdiction, its proceedings are *void,* (not voidable,) *ab initio;* its writ, the instrument of usurpation; its judgment, a *nullity;* and its enforcement, a *trespass.* 2 *Chit. Prac.* 307. 3 *Chit. Prac.* 75. *Ham. Ni. Prius,* 49, 50. 10 *Coke,* 76, *or Coke Abridg.* 300. (*Marshalsea.*) *Kentworthy vs. Peppiot,* 4 *Bar. & Ald.* 288, *or* 6 *E. C. L. Rep.* 426. *Ketland vs. The Cassius,* 2 *Dal.* 368. *Stumps vs. Newton,* 3 *How. Miss. R.* 34. *Luthem vs. Edgerton,* 9 *Cowen,* 229, 230. *Burroughs vs. McNeil,* 2 *Dev. & Bat. Eq.* 301. *Bigelow vs. Stearns,* 19 *Johns. R.* 40. 15 *Ib.* 141. *Elliott vs. Piersoll,* 1 *Peters, S. C.* 340. *Fisher vs. Harnden, Paine Cir. C. Rep.* 431. *Westervelt vs. Lewis,* 2 *McLean,* 50. *Bell vs. Tombigbee R. R. Co.* 4 *S. & Mar.* 563. 2 *Wils.* 385. 4 *Ga. Rep.* 49. 5 *Ib.* 530, 531.

5th. The judgment, for want of jurisdiction, being a *nullity,* and its enforcement a trespass, the exception may be taken, and judgment vacated at any time. 3 *Chit. Prac.* 75, 523 *to* 525. 1 *Peters,* 340, (*Elliott vs. Piersoll.*) *Hickman vs. Armstrong,* 2 *Brevard,* 177. *Bell vs. Tombigbee R. R. Co.* 4 *Smedes & Mar. Miss. Rep.* 563. *Luthem vs. Edgerton,* 9 *Cowen,* 229, 30. *Bor-*

*den vs. Fitch,* 15 *Johns. R.* 141.   *Bigelow vs. Stearns,* 19 *Johns. R.* 40.   5 *Ga. Rep.* 530.

6th. The question as to the effect of the appeal by *one only* of the several defendants, to *the judgment in the Inferior Court,* did not legitimately arise on the hearing of the *motion to vacate the judgment upon the appeal;* nor will this Court consider it. *Smith vs. Kershaw,* 1 *Kelly,* 259.   *Sampson vs. The Commonwealth,* 5 *Watts & Serg.* 385.   *Kirby vs. Wood,* 4 *Shep.* 81.

7th. An appeal by one defendant enures to the benefit of all. *Lewis vs. Thornton,* 6 *Munf.* 87.   3 *Murph.* 309.   2 *Tyler,* 396.   2 *Leigh,* 399.

8th. If not, the plaintiff has waived the *irregularity* in this case.   1 *Kelly,* 95.

9th. If the party appealing alone is bound, this judgment is surely void as to the parties now moving to vacate.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The main question for our consideration and judgment, presented by the record before us, is, as to the proper construction to be given to the Act of 1839, authorizing either party to a suit, where there is more than one plaintiff or defendant, to enter an appeal.   The first section of the Act declares, that " whenever there shall be more than one party, plaintiff or defendant, and one or more of said parties, plaintiff or defendant, desire to appeal, and the other, or others, refuse or fail to appeal, it shall and may be lawful for any party, plaintiff or defendant, to enter his appeal, under such rules and regulations as are now provided by law."

The second section of the Act declares, " that upon the appeal, either of the plaintiff or defendant, as aforesaid, the whole record shall be taken up ; but in case damages shall or may be awarded upon such appeal, such damages shall only be recovered against the party or parties appealing, and their securities, and not against the party or parties failing or refusing to appeal." *Hotchkiss Dig.* 601.   There is great difficulty in giving such a construction to this Act, as will prevent all practical inconvenience. The best view to take of it, however, in our judgment, is, to regulate the rights of the parties according to their own action in the matter.   Where one of the parties, either a joint plaintiff or de-

fendant, is *satisfied* with the first verdict, and is unwilling to liti-
gate further, the first verdict, as to him, ought to be conclusive
as to his rights ; not so with the party who is *dissatisfied*, and de-
sires to litigate his rights on the appeal.

The result of the trial, on the appeal, may increase or reduce
the first verdict. If the verdict shall be increased, then the party
not appealing, ought not to be prejudiced by it, as he was no
party to the appeal, but was entered against his wishes and con-
sent. If the verdict shall be reduced on the appeal, then the
party not appealing, has no right to complain, for his failure to en-
ter an appeal was his own act, and he must abide the result of
his own action in the premises.

But as the whole record goes up on the appeal, no execution
can issue against the party not appealing, until after the trial on
the appeal.

[2.] It appears, from the record before us, that suit was insti-
tuted by Allison, the plaintiff, against Chaffin, as principal, and
Battle & Dickinson, as securities, upon a joint and several pro-
missory note, in the Inferior Court of Greene County. Battle re-
sided in the County of Greene, and Chaffin and Dickinson in the
County of Taliaferro. Upon the trial in the Inferior Court of
Greene, judgment was rendered against all the defendants, without
any objection having been made to the jurisdiction of the Court.

Battle alone entered an appeal to the Superior Court, from
the verdict rendered against him in the Inferior Court; Chaffin
and Dickinson did not appeal. After entering the appeal, Bat-
tle filed three pleas : 1st. The general issue. 2d. Failure of the
plaintiff to sue the principal in the note, within the time prescribed
by the Statute, after notice to do so by Battle, the security. 3d.
That the firm name of Dickinson & Battle was signed to the note
by Dickinson, without authority of Battle, either express, or re-
sulting from their copartnership. On the appeal trial, a verdict
was found in favor of Battle, but the Jury found a verdict against
Chaffin and Dickinson, the parties not appealing, for the princi-
pal and interest due on the note, with costs. It does not appear
affirmatively, on the face of the record, on which of the pleas
filed by Battle, the Jury found a verdict in his favor, although
there is strong presumptive evidence that they found in his favor
upon the second plea, that the plaintiff failed to sue within time,
after notice.

A motion was made in the Court below, to set aside and vacate the judgment against Chaffin and Dickinson, rendered on the appeal, upon the ground, as we understand from the record, that inasmuch as the Jury found in favor of Battle, the only defendant living in the County of Greene, and one of his pleas denied the authority of Dickinson to sign his name to the note, therefore, neither the Inferior nor the Superior Court, in the County of Greene, had any jurisdiction to award the judgment against the other two defendants, who resided in the County of Taliaferro ; that the jurisdiction of the Court depended alone on the fact of Battle being a joint promissor in the note.    We will first consider the question of jurisdiction.    When the suit was instituted in the County of Greene, the defendants were sued as joint promissors. Upon the face of the record, the Court had jurisdiction, for joint promissors, living in different Counties, may be sued in either County.    There was no plea to the jurisdiction by either of the defendants.    But it is said, on the appeal trial, Battle, by one of his pleas, denied his name was signed to the note by his authority, and the Jury having found a verdict in his favor, therefore, there never was a joint promissor residing in the County of Greene, which could give the Courts in that County jurisdiction of the other parties, who resided in another County.    The record shows, that at the time the suit was instituted, the Court in Greene had jurisdiction of all the parties.    Conceding that the finding of the Jury, on the appeal trial, in favor of Battle, upon his plea denying he was a joint promissor, would oust the jurisdiction of the Court, yet, it does not *affirmatively* appear that the Jury found their verdict upon *that plea.*    The legal presumption is in favor of the jurisdiction of the Court rendering the judgment, unless the want of jurisdiction appears on the face of the record, which is not pretended in this case.

In order to oust the jurisdiction of the Court, a clear case should be made, which, in our judgment, is not the fact here.    As before remarked, this record affords strong presumptive evidence that the Jury found a verdict in favor of Battle, upon his second plea; but in order to oust the Court of jurisdiction, it ought to be made clearly to appear, that the verdict was, in fact, found upon his third plea, which denied he was a joint promissor with the other defendants.    Battle did not deny the execution of the note, on *oath*, as required by the Judiciary Act of 1799, which is ano-

ther strong presumption that the Jury did not find in his favor on that ground. Besides, the argument for the defendant in error, proves too much for his own case. If the Court had no jurisdiction to award judgment *against* Chaffin and Dickinson, in the County of Greene, then, it follows, as a necessary consequence, that the Court had no jurisdiction to award a judgment in *favor* of Battle. If the Court had no jurisdiction, the whole proceedings are *coram non judice*, and a nullity.

According to the view we take of the Act of 1839, when Battle entered his appeal, the whole record was taken up to the Superior Court, but the judgment rendered against Chaffin and Dickinson, in the Inferior Court, was not vacated by the appeal of Battle. The appeal by Battle only vacated the judgment as to him, but left it in full force as against the parties not appealing, with the right of the plaintiff to have execution against them, whenever the appeal trial shall be decided—inasmuch as the whole record is taken up by the appeal. Chaffin and Dickinson not appealing from the first verdict, the Jury, on the appeal trial, were not authorized to find a verdict against them, who were not before the Court by their consent. The judgment rendered against them in the Superior Court, on the appeal trial, was properly vacated by the Court below, for the reason which we have stated ; and on that ground alone, we affirm the judgment of the Court below.