No. 89.—WILEY KINSEY and others, plaintiffs in error, *vs.* THE LESSEE OF JOSEPH SENSBOUGH AND OTHERS, defendants in error.

[1.] Where, in an action of ejectment, a demise is laid in the name of several lessors, and upon the trial, title is proven in one of them only, and the defendant shows by the Counsel who appears for the plaintiff, that he represents another lessor, between whom and the lessor in whom title is proven no connection is made out, the Counsel at the same time stating that he does not know the latter, and has no instructions from him: *Held,* that this was not a sufficient ground for the dismissal of the action.

[2.] Where, in an action of ejectment, an appeal was entered from a verdict in favor of the defendant, by one of several lessors of the plaintiff, and a motion was made by defendant's Counsel, after the case had proceeded to trial, and in his concluding remarks to dismiss the appeal: *Held,* that even if this motion might have been sustained at an earlier stage of the case, it was then made too late.

Ejectment, in Whitfield Superior Court. Tried before Judge JOHN H. LUMPKIN, October Term, 1854.

Kinsey *et al. vs.* The Lessee of Sensbough *et al.*

The lessee of Harrison Rogers brought an action of eject-
ment to recover from the plaintiffs in error a tract of land;
subsequently, by an amendment, demises were laid in the name
of Joseph Sensbough and other persons.   On the appeal trial,
the plaintiffs below introduced a grant to Joseph Sensbough,
proved the *locus in quo* and closed.   Defendants then proved
by D. A. Walker, Esq. the Counsel for plaintiffs, that he never
saw or knew Joseph Sensbough, nor knew where he lived, nor
had any authority from him to use his name, but that he was
employed by Harrison Rogers.

The Court charged the Jury, that Rogers had the right to
use the name of Sensbough, without authority from him, and
without showing any connection between his title and that of
Sensbough, or that it was necessary for the assertion of his
rights.

This charge is assigned as error.

Defendants' Counsel moved to dismiss the appeal, on the
ground that there was no evidence of an appeal.   The cause
was originally brought in Murray County and transferred to
Whitfield, when organized as a new county, by an order pass-
ed at Murray, transmitting it and ordering it entered on the
appeal docket.   The Court over-ruled the motion, on the
ground, it would presume there was an appeal until the contra-
ry was shown.

This decision is assigned as error.

UNDERWOOD, for plaintiff in error.

AKIN, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] We do not entirely agree with the decision of the Court,
upon the motion to dismiss the case, because Harrison Rogers
had shown no connection between his title and that of Joseph

Sensbough ; yet, we think the Court was right in refusing the motion.

That motion rested upon the affidavit of Dawson A. Walker, Attorney at Law for Rogers, one of the plaintiff's lessors, (and he who seems to have been chiefly interested,) and on nothing else. As the case stood, that showing did not authorize a dismissal of the suit.

The Counsel making this motion seems to have lost sight of the peculiar character of this action. He should remember that the fictitious John Doe is here the plaintiff, and that according to the record as it was presented, Joseph Sensbough had precisely the same relation to the case which Harrison Rogers had. Both were lessors of the plaintiff. Joseph Sensbough was therefore as much entitled to the benefit of the verdict as was Harrison Rogers. The evidence introduced showed title in the former, and failed to connect the latter with that title. And there is nothing in the evidence of Mr. Walker which goes to negative the conclusion, that the recovery by the fictitious plaintiff should enure to the benefit of Joseph Sensbough. Although that Attorney may not know him, and may not represent him, yet Harrison Rogers may know him, and be authorized by him to have this suit brought. So that for all that appears in the affidavit, this is a good recovery.

As to the difficulty which may arise, when the Sheriff shall come to execute the writ of *habere facias*, in putting any other person than Joseph Sensbough in possession ; that point is not at present presented for our decision, and it is not necessary that we should express any opinion upon it.

[2.] We affirm the judgment of the Court, also, in refusing to dismiss the appeal.

Taking into consideration the peculiar character of this action, we are not sure but that the appeal of Harrison Rogers, one of the plaintiff's lessors, may be said correctly to have carried the cause to the appeal for all of them.

But waiving this, we think that the motion to dismiss, presented as it was in the concluding speech of defendant's Counsel, was made too late. If it had been made at an earlier pe-

riod, and the Court had held the appeal to have been irregularly entered, it might have been perfected, and thus delay and expense would have been saved.    It would not, therefore, have been just to sustain the motion at that late stage of the cause.