JOHN DOE, *ex. dem.*, ZACHARIAH HESTERS *et al.*, plaintiffs in error, *vs.* RICHARD ROE, casual ejector, and CALVIN COATS, tenant, etc., defendants in error.

1. A sheriff's deed is admissible in evidence as *color of title*, without the execution under which the property was sold, and without any evidence accounting for its absence.
2. Before the same was barred, a suit in ejectment was brought on the several demises of H. and B. and C. Judgment being rendered against the plaintiffs, C. alone entered an appeal. After the expiration of seven years from the commencement of defendant's possession, the action was dismissed, and recommenced within six months from the time of dismissal, but not within six months from the date of the judgment: *Held*, that under this state of facts, the parties who did not appeal were within the saving clause of the Statute of Limitations, and that their right of action was not barred.

Ejectment in Heard Superior Court. Tried before Hon. DENNIS F. HAMMOND, at the September Term, 1860.

This was an action brought in the name of John Doe, on the several demises of Zachariah Hesters, Bennett Bell, and James Bell, against Richard Roe, casual ejector, and Calvin Coats, tenant in possession, for the recovery of lot of land No. 274, in the 9th district of Heard county.

The action was commenced on the 20th day of September, 1852.

The defendant pleaded the general issue and the Statute of Limitations. The plaintiff, on the trial, proved the *locus in quo*, and possession of the tenant at the commencement of the suit, and then read the grant from the State of Georgia to Zachariah Hesters for the land in dispute, and rested his case.

The defendant then adduced testimony as to his possession, and of those under whom he claimed, commencing as far back as the month of December, 1841, and also introduced a sheriff's deed to William B. W. Dent for the land in dispute.

Counsel for plaintiff objected to the deed as evidence, on the ground that no privity of title was shown, between Hesters and the defendant in *fi. fa.*, as whose property the land was sold, and on the further ground that the sheriff's deed was not accompanied by the judgment or *fi. fa.* under which the land was sold.

The Court sustained the objection and repelled the paper as evidence of legal title, but upon hearing evidence as to the existence and loss of the *fi. fa.*, and that a sufficient but unsuccessful search had been made for the same, the Court admitted the sheriff's deed in evidence, as color of title.

The plaintiff proved by the record, that a former suit for the same land between the same parties had been commenced before the expiration of seven years from the beginning of defendant's possession, in which there was a confession of judgment by plaintiff, and an appeal entered by James Bell alone, and that the suit was dismissed at April Term, 1852.

The plaintiff also introduced proof to show that James Bell, as whose property the land was sold, did not reside in the county from which the *fi. fa.* issued, and was never served with the process, and that the Court giving the judgment did not have jurisdiction of the person of Bell, so as to render a valid judgment against him.

There was much other testimony adduced on the trial, but it is not necessary to set it forth here.

The plaintiff's counsel requested the Court to give various charges, which need not be set forth in this statement, because they are not necessary to a proper understanding of the questions decided by this Court in the case.

The charge of the Court, that forms the chief subject of complaint, is fully set out in the opinion of the Court, as delivered by Mr. Justice Jenkins, to which the Reporter refers.

The jury returned a verdict for the defendant, and counsel for plaintiff moved for a new trial, upon the grounds, amongst others:

1. That the Court erred in admitting in evidence the sheriff's deed to Dent, as heretofore stated.

2d. That the Court erred in charging the jury as set forth in the opinion of the Court.

The presiding Judge having refused the new trial, the writ of error in this case is brought to reverse that judgment.

OLIVER, BURKE, MABRY, for plaintiff in error.

L. H. FEATHERSTON, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

This case came before the Court, on exception to the judgment of the Court below, refusing a motion for a new trial, predicated on three grounds, which we will consider in their order.

The plaintiff below laid three demises in his declaration, viz: of Hesters, of Bennett Bell, and of James Bell.

Defendant pleaded the general issue and the Statute of Limitations. There is no contest as to the *locus in quo.* Plaintiff introduced a grant from the State of Georgia to Hesters, (his first lessor,) and closed.

Defendant relied on the sheriff's deed for the land, recited to have been sold as the property of James Bell, (plaintiff's last lessor,) and possession under it, for seven years anterior to the commencement of the suit. Plaintiff rebutted this claim of title by showing that within seven years from the commencement of defendant's possession, another suit between the same parties (of which he introduced an exemplification,) had been commenced and dismissed, and that this suit was brought within six months from the dismissal of the prior suit, thus bringing the case within the saving clause of the Statute of Limitations. It appeared, however, from the exemplification of the former suit, that there had been in it a confession of judgment by the plaintiffs to the defendants,

reserving the right of appeal, and that James Bell alone, of the plaintiff's lessors, had entered an appeal, which was subsequently dismissed; and further, that more than six months had elapsed between this confession of judgment and the commencement of the second action.

Defendant therefore insisted that this exemplification was no reply to his statutory defence.

1. The first ground upon which the plaintiff rested his motion for a new trial, was, that the Court below erred in admitting in evidence the sheriff's deed to Dent, under a sale of the land as the property of James Bell. The objection to this testimony is predicated partly upon the absence of the original *fi. fa.*, under which the sheriff sold, as not having been sufficiently accounted for, and partly upon what the plaintiff insists, shows that the Court, rendering the judgment under which the *fi. fa.* issued, had no jurisdiction of the case.

I dispose of all connected with this *fi. fa.* and the judgment, by adverting to the fact, appearing in the record, that the Court admitted the deed only as color of title, and as such it was good evidence, without the execution, or any evidence accounting for it.

2. The second ground alleges error in that the Court refused to give certain charges requested by the plaintiff, and gave other illegal charges.

Regarding the charges asked and refused, I deem it unnecessary to say anything, as they are generally unimportant in this case. I come to the charge given affecting the question upon which the case must turn.

It appears that the Court charged the jury substantially, that inasmuch as this case was not brought within seven years from the commencement of defendant's adverse possession under color of title, the defence was good unless rebutted. That the exemplification of the former suit was no rebuttal of that defense, because as to the plaintiff's lessor, Hesters, that suit terminated when he confessed judgment, and this suit not having been brought within six months after the confession of judgment, the saving clause of the statute did not release Hesters, and as plaintiff on this trial had shown.

title only in Hesters, he was barred by the Statute of. Limitations.

This is the substance of the charge, and this charge was predicated upon the construction of the Act of 1839. Cobb's Dig., 500, on the subject of appeals. This act provides that if one of several plaintiffs or defendants appeals, the whole record shall go up, but only the party appealing shall be subject to .damages for a frivolous appeal.

This Court has often been called on to construe and give effect to that statute, and has found at every stage a puzzle. They have considered those plaintiffs or defendants not appealing, out of Court, for some purposes, and in Court for others, after the appeal.

The difficulty of construing the statute consistently and satisfactorily, rather increases than diminishes, when it is attempted to apply it to actions of ejectment. In Kinsly vs. the Lessee of Sensbrough, 17 Ga. Rep., 540, the Court says: "In ejectment, where one of the plaintiff's lessors appeals, (just this case,) we are not sure but the cause is carried to the appeal for all of them."

But there has been enough decided, touching this statute, to determine its application to this case. In Allison vs. Chaffin, 8 Ga. Rep., 330, this was ruled, "When there are several parties plaintiffs or defendants, and only one appeals, under the Act of 1839, the party not appealing is bound by the first verdict, but as the whole record is taken up by the appeal, the plaintiff is not entitled to have execution against the defendant not appealing 'until the final trial of the appeal." Again, in Stell, guardian, vs. Glass, 1 Kelly, 475, it was ruled that "where one of several defendants enters an appeal under the Act of 1839, and one of the other two dies, between the first and second trial, he was a party to the appeal, so far as to require his representative to be made a party to the cause, before it could. proceed." Now these rulings settle the question, that whatever may be the effect upon the parties rights by his failure to appeal, with a co-defendant, he continues a party to the case until final judgment on the appeal. As no action can be taken against

him under the judgment to which he has submitted, pending the appeal, so, pending the appeal, he is not at liberty to do anything inconsistent with the pendency of the suit. And the same rule is equally applicable to plaintiffs. Hesters then was not at liberty to commence another action of ejectment whilst the appeal of James Bell held the first in Court. He was a party to that case until it was disposed of on the appeal. The six months within which he was privileged to renew the suit, after the completion of the seven years adverse possession, did not, therefore, commence to run until the appeal was dismissed. The appeal of Bell detained him in Court after judgment confessed, and therefore brought him within the saving clause of the statute.

We, therefore, think that this charge was erroneous, and as it probably controlled the action of the jury, the judgment refusing a new trial must be reversed, and the cause sent back for a re-hearing.

Let the judgment be reversed.