## TWITTY v. BOWER.

1. Where a judgment was rendered in a magistrate's court on March 27, 1875, and an appeal to the superior court was taken, and there in the absence of the appellants a judgment was rendered against them without the intervention of a jury, and execution was issued and levied, and an affidavit of illegality thereto sustained on the ground that the judgment rendered by the superior court was void, and the same was set aside, and the appeal case was reinstated and then dismissed on motion, upon which, on July 5, 1887, more than seven years after the rendition of the void judgment in the superior court, an execution was issued from the magistrate's court, the judgment was not dormant.

2. A justice court summons commanding the defendant to appear on the 27th of March, meant March of that year, unless it was served after that month, which is not alleged. He recognized the validity of the summons and the judgment by entering an appeal to the superior court.

March 31, 1890.

Illegality. Judgments. Dormancy. Practice. Appeal. Before A. L. HAWES, Esq., judge *pro hac vice*. Mitchell superior court. March term, 1889.

An execution in favor of Bower against Cox, Jones, Floyd, Strother and Twitty, issued from a magistrate's court on July 5, 1887. It recited a judgment in that court on March 27, 1875, and that an appeal to the superior court was taken by the defendants on April 1, 1875, which was dismissed at the March term, 1887, of that court. On August 10, 1887, this execution was levied on property of Twitty, who interposed an affidavit of illegality on the grounds (1) that the judgment was dormant, and (2) that the summons issued "in the case was not definitely dated, being dated —— day of 6th, 1875, and did not definitely designate the day on which said case was to be tried so as to give defendant proper notice of the day of trial, having required the defendants to appear on the 27th day of March without stating the year"; and deponent did not appear and plead in the suit or assent to the judgment, nor did he

authorize any one to do so for him; and he had a good defence, to-wit, the plea of *non est factum;* and therefore the judgment and execution are void. The case thus made was submitted to the judge; and the parties agreed that after the judgment was rendered, an appeal to the superior court was taken, and on this appeal a judgment against the defendants was rendered without the intervention of a jury, and was therefore void, the defendants not appearing; but on this judgment an execution issued, an affidavit of illegality was interposed, and the judgment and execution held void by the superior court, and at the same time the case was reinstated on appeal and the appeal dismissed on motion of the plaintiff, this being more than seven years after the void judgment was rendered in the superior court; and that no execution issued on the justice's court judgment until after the dismissal of the appeal, when the execution now in question issued. The court rendered judgment for the plaintiff, and Twitty excepted.

SPENCE & TWITTY, by brief, for plaintiff in error.

ISAAC A. BUSH, by brief, *contra.*

SIMMONS, Justice.

1. Under the facts set out in the official report of this case, the trial judge did not err in holding that the judgment rendered in the justice's court in 1875 was not dormant. It will be seen from the facts reported, that after the judgment was rendered against Twitty and the other defendants, they appealed from that judgment to the superior court. The effect of the appeal was to suspend the judgment in the justice's court until the appeal to the superior court had been finally disposed of. Code §3628. It appears from the record that after the appeal was entered in the superior court, the judge thereof, in the absence of the appellants, rendered a

judgment against them without the intervention of a jury. From this judgment an execution was issued and levied, and an affidavit of illegality was filed thereto, which was returned to the superior court and sustained by the judge thereof, the judge holding that the former judgment of the superior court on the appeal entered by the judge thereof without the intervention of a jury, was illegal and void; and the judgment was set aside and the appeal case reinstated. On motion of Bower, the appellee, the appeal was then dismissed. We think this was a legal effect of the ruling of the judge setting aside the former judgment on appeal, and it was the same as if the appeal had never been tried and had been pending in the superior court from the time it was first entered up to that time, and it was properly reinstated. *Beall* v. *Sinquefield,* 73 *Ga.* 48. That being so, the statute of limitations did not run in favor of Twitty, the plaintiff in error, against the judgment in the justice's court, but as we have before remarked, the appeal suspended that judgment, and did not vacate it. An execution could not have been issued upon the judgment in the justice's court as long as the appeal was pending in the superior court, whether Twitty was one of the plaintiffs or not. *Allison* v. *Chaffin,* 8 *Ga.* 330. See also Code, §§3620, 3627.

2. There was no error in sustaining the demurrer to the second ground of the affidavit. The reasons alleged therein for the illegality were insufficient in law. He does not say whether the copy summons served upon him was defective, or whether the original summons was defective. When the summons commanded him to appear at the justice's court on the 27th of March, of course it meant March of that year, unless it was served on him after March of that year, and there is no allegation that it was so served. At any rate, we think

v 84-48

he recognized the validity of the summons and the judgment by entering an appeal from the judgment to the superior court.        *Judgment affirmed.*