Gershengorn, J.
Plaintiff Edith Mary Lucas (“Lucas”) brings this action against former employer Muro Pharmaceutical Inc. (“Muro”) pursuant to G.L.c. 15IB. The complaint contains two counts. Count I alleges (1) harassment and discrimination on the bases of sex and race, (2) constructive discharge, and (3) retaliation. Count II alleges negligent supervision and retention of certain Muro employees.
Muro moves to dismiss all of Lucas’s claims on the grounds that (1) Lucas’s discrimination claims based on race are time barred pursuant to G.L.c. 151, §9 and 28 U.S.C. §1367(d), (2) Lucas failed to exhaust her administrative remedies with respect to the claims alleging sex discrimination, retaliation, and constructive discharge, and (3) Lucas’s claim for negligent supervision and retention is barred by the Massachusetts Workers’ Compensation Act.
BACKGROUND
On November 13, 1989, Lucas filed a complaint with the Massachusetts Commission Against Discrimination (“MCAD”) asserting that on November 10, *114 1989, her supervisor at Muro subjected her to unpleasant working conditions after she told him her husband is Black. Her complaint was based solely on racial harassment and racial discrimination (“race discrimination claims”). By letter dated September 25, 1991, Lucas wrote the MCAD describing incidents of sex discrimination, constructive termination, and retaliation (“sex discrimination claims”). On September 26, 1991, Lucas resigned her position at Muro. On December 13, 1991, Lucas requested permission from the MCAD to remove her case so that she could seek a judicial remedy. This request was formally granted on June 29, 1992.
On December 12, 1991, a day before her removal request to the MCAD, Lucas brought an action in the Unites States District Court for the District of Massachusetts, basing federal jurisdiction on 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991. Lucas’s complaint contained the race discrimination claims, originally asserted in the 1989 MCAD complaint, as well as the sex discrimination claims contained in the September 25, 1991 letter.
On December 18, 1992, Muro filed a motion to dismiss arguing that: (1) the federal court lacked jurisdiction because the 1991 amendments to 42 U.S.C. §1981 did not apply retroactively to Lucas’s action, and (2) Lucas’s sex discrimination claims were not properly presented to the MCAD prior to her judicial action. On September 8, 1993, in a written Memorandum and Order, the District Court (Keeton, J.) dismissed Lucas’s action for want of federal jurisdiction.[1] Lucas appealed the dismissal to the First Circuit Court of Appeals.
Lucas’s appeal was stayed by the Court of Appeals because the issue of whether the Civil Rights Act of 1991 applied retroactively was pending before the United States Supreme Court. On April 26, 1994, the Supreme Court held that the Civil Rights Act of 1991 did not apply retroactively. Rivers v. Roadway Express, 114S.CL 1510 (1994). Accordingly on May 27, 1994, Lucas filed a motion to remove the stay, dismiss the appeal, and remand to district court for entry of judgment. The Court of Appeals allowed the motion on July 6, 1994. This action was filed in Middlesex Superior Court on July 14, 1994.
DISCUSSION
Defendant filed this motion pursuant to Mass.R.Civ.P. 12(b)(6). Because both parties have submitted extra-pleading materials, this motion is one for summary judgment and is decided in accordance with Mass.R.Civ.P. 56. Stop & Shop Companies, Inc. v. Fisher, 387 Mass. 889, 892 (1983). Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’lBank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
I. Race Discrimination Claims Are Not Barred by 28 U.S.C. §1367
Jurisdiction for Lucas’s federal court action was primarily based on 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991. Lucas’s state discrimination claims (G.L.c. 151B) were properly asserted based on supplemental jurisdiction provided for by 28 U.S.C. § 1367(a).[2] The limitations period for these state claims were tolled by 28 U.S.C. 1367(d) which reads:
the period of limitations for any claim asserted under subsection (a) and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless States law provides for a longer tolling period.
(Emphasis added.)
There is no question that 28 U.S.C. §1367(d) tolls the statute of limitations for certain “pending” claims and for 30 days after such claims are “dismissed.” The question before this court is whether the thirty-day period is counted from the District Court’s dismissal, as is urged by Muro, or from the Court of Appeals’s dismissal, as argued by Lucas.
Muro relies on the commentary to the statute which suggests:
The dismissal moment should be taken from the moment of dismissal in the district court. Even if an appeal is taken to a court of appeals from the district court dismissal, the party whose claim has been dismissed under §1367 does best to commence the state action within the prescribed time measured from the district court dismissal, and not from some later appellate affirmance of it. Perhaps after commencing that state court action in such a situation, the plaintiff can ask the state court to stay the action — now timely commenced and pending which the federal appeal proceeds.
Despite the commentary’s cautionary language, courts have generally held that the time of commencement of savings provisions is the date the judgment is decided on appeal, not the date of the trial court’s determination. Grider v. USXCorp., 847 P.2d 779, 784 (Okla. 1993). See for example, Zielinski v. United States, (2nd Cir. 1941); Young v. Garrett, 208 S.W.2d 189 (Ark. 1948); Hesters v. Coats, 32 Ga. 448 (1861); Seaboard Airline R. Co. v. Randolph, 55 S.E. 47 (Ga. 1906); Ockerman v. Wise, 274 S.W.2d 335; (Ky. 1954); Pattridge v. Lott, 15 Mich. 251 (1867); Glass v. Basin & Bay State Min. Co., 35 P. 746 (Mont. 1906); HoRand v. Schwartz, 22 N.Y.S.2d 283 (1940); Carolina Transp. *115 & Distributing Co. v. American Alliance Ins. Co., 200 S.E. 411 (N.C. 1939); Guthiel u. Gilmer, 76 P. 628 (Utah 1904). See also 79 A.L.R.2d 1270 (1961). This courtis aware of no Massachusetts case on point.
This court finds Lucas’s claims were pending while on appeal to the Court of Appeals. Bagley v. Illyrian Gardens, Inc., 401 Mass 822 (1989) (prior judgment was appealed from and, therefore, “open”). See also Possehl v. Ossino, 28 Mass.App.Ct. 918 (1989). To decide otherwise would result in a waste of judicial time and resources. The better practice favors not requiring the filing of a state action when a decision from the Appeals Court may eliminate the need. Practicality suggests that the thirty days be counted from the Court of Appeals’s dismissal. Accordingly, her action was timely commenced.[3]
II. Sexual Discrimination Claims Are Proper
Almost a year after the MCAD formally granted Lucas’s case removed, it (pursuant to Lucas’s request) ordered the case “reopened for the limited purpose of amending the complaint... to include allegations of sex discrimination and retaliation, and that thereafter the matter be closed inasmuch as [Lucas] has elected to pursue a judicial remedy [and] that his order be entered nunc pro tunc." These sex discrimination claims were asserted in the district court and form part of Count I in this action. Muro now moves to dismiss these claims on the grounds that (1) Lucas’s September 25, 1991 letter was not a proper amendment because it did not comply with the regulation’s verification and notice requirements, and (2) that the MCAD Commissioner exceeded his scope of authority in allowing the amendment.
This court does not find Muro’s verification and notice arguments meritorious. First, verification requirements apply to the complaint, not to an amendment. Lucas’s November 1989 MCAD complaint was verified. Second, Muro had notice of the sex discrimination claims on December 12, 1991, at the commencement of the federal court action.[4]
Muro next argues that the MCAD exceeded its authority by allowing the nunc pro tunc amendment. Lucas’s November 13, 1989, MCAD complaint only contained the race discrimination claims. The first reference to the sex discrimination claims appeared in a letter to the MCAD dated September 25, 1991. This letter states: “I’ve just spoken with Edie Lockhart and she suggested that I’d write to you regarding an amendment to the suit I have pending with MCAD.” Thereafter in December 1991, Lucas filed her federal court action and requested that MCAD remove her administrative action. This request was formally granted by the MCAD on June 29, 1992.
According to the Investigating Commissioner, the MCAD failed to conform with “standard business practice” when it did not draft a formal amendment to Lucas’s complaint upon receipt of the September 25, 1991 letter. See Investigating Commissioner Duffy’s Order, June 22, 1993. According to 804 C.M.R. 104(2), “the Commission for cause shown may at any time in its discretion . . . Upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.” Similarly, 804 C.M.R. 1.0 states: “In any situation in which these Rules do not specifically ■ apply, the Commission . . . may exercise discretion so as to achieve a just, speedy and fair determination of the issue . . .”[5] There are no rules governing proper procedure for the MCAD to correct a mistake committed before the administrative action was closed. In light of the rules that do guide the MCAD procedures, this court finds the amendment proper.
The date of the amendment, however, does not relate back to the original November 1989 complaint. The sex discrimination claims are not allegations of “additional acts constituting unlawful discrimination practices related to or arising out of the subject matter of the original complaint.” 804 C.M.R. 103(5)(a). Nunc Pro Tunc is defined as:
Now for then. A phrase applied to acts allowed to be done after the time when they should be done with a retroactive effect, i.e. with the same effect as if regularly done.
Blacks Law Dictionary 1069 (6th ed. 1990). The amendment containing the sex discrimination claims has the same effect as if the MCAD did draft the amendment to the original complaint on September 25, 1991.
Accordingly, Lucas’s sex discrimination claims were timely asserted to the MCAD by virtue of the proper nunc pro tunc order. East Chop Tennis Club v. MCAD, 364 Mass. 444, 452-53 (1973) (before a complainant can bring an action in court based on G.L.c. 15 IB, a complainant must file a claim with the MCAD within six months after the alleged act of discrimination); Cherella v. Phoenix Technologies, Inc., 32 Mass.App.Ct 919 (1992).
III. Lucas’s Claim for Negligent Supervision Is Barred
Count II on Lucas’s complaint states a claim against Muro for negligent retention and supervision of certain employees. In her memorandum, Lucas agrees that this claim is barred by the exclusivity provision of the Workers’ Compensation Act. G.L.c. 152, §24. Accordingly, Count II is hereby DISMISSED.
ORDER
For the foregoing reasons it is ORDERED that the motion for summary judgment of the defendant, Muro Pharmaceutical, Inc. is hereby DENIED on Count I, and ALLOWED on Count II.

The Memorandum and Order did not address whether Lucas failed to exhaust her administrative remedy with respect to the sex discrimination claims.

 28 U.S.C. §1367(a) reads in pertinent part: *116 [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Because this court finds that the thirty-day extension in 28 U.S.C. §1367(d) began to run from July 6, 1994, it does not address whether the Massachusetts Savings Statute, G.L.c. 260, §32 applies to this action.

While plaintiffs claims were pending in Federal District Court, Muro filed a motion to dismiss plaintiffs sex discrimination, retaliation and constructive discharge claims. Additionally it is unclear whether the MCAD or Lucas is responsible for service. 804 C.M.R 103(5)(b) only states:
The complaint may be amended thereafter by the Hearing Commissioner or the complainant with leave of the Hearing Commissioner. In each instance a copy of the amended complaint shall be served upon the parties.

It is important to note that the Investigating Commissioner allowed the amendment in part because he was concerned that MCAD’s “mistake" may adversely affect Lucas’s judicial remedy. He wrote:
Without any determination on the merits of her claim, I conclude that the failure of MCAD to amend Lucas’s complaint, notwithstanding her timely request, may limit her ability to pursue a full remedy judicially.