B. J. HART, Receiver, plaintiff in error, *vs.* MORRIS LAZARON, defendant in error.

An injunction will not be granted to restrain the enforcement of a judgment when it appears by the bill that the Court in which the judgment was obtained had no jurisdiction. The remedy at law is complete either by affidavit of illegality, or by action of trespass.

Jurisdiction. Remedy at law. Injunction. Before Judge CLARK. Sumter Superior Court. April Term, 1872.

Morris Lazaron filed his bill against B. J. Hart, Receiver of Harrison Haber & Company, containing, substantially, the following allegations: That on the ...... day of ...... 18..., complainant filed his petition in bankruptcy; that, pending said proceedings in bankruptcy, defendant, a creditor of complainant, instituted suit in the Superior Court of Sumter county on a claim made before June 1st, 1865, attaching no tax affidavit, as required by law; that the claim sued on was provable in bankruptcy; that the defendant was duly notified of the proceedings in bankruptcy; that complainant was never served with a copy of the declaration in said suit; that defendant obtained judgment against complainant at the October Adjourned Term, 1871, of said Court, for $460, principal, $312 94, interest and costs of suit; that said Court, by reason of the proceedings in bankruptcy, had no jurisdiction of said action; that defendant is about to have the exe-

cution, based upon said judgment, levied upon certain property claimed by him to belong to complainant. Prayer: that defendant be enjoined from further proceeding to enforce said judgment; that the writ of subpœna issue.

Defendant demurred to complainant's bill. The demurrer was overruled and plaintiff in error excepted, and assigns said ruling as error.

HAWKINS & GUERRY, represented by CLARK & GOSS; W. A. HAWKINS, for plaintiff in error.

C. T. GOODE, for defendant.

McCAY, Judge.

We see no reason for equitable interference, according to the statements of the bill. The jurisdiction of a Court over the subject matter or the person may always be attacked, unless the defendant has *appeared* and, by pleading to the merits, waived it. If the defendant was not served and did not appear, he may take advantage of it by illegality, according to the very terms of the Code: Section 3621. And, generally, any Court, where there has been no waiver by a plea to the merits, will set aside a judgment which it had no jurisdiction to grant. (See Code, section 3537.) Our affidavit of illegality, in terms, except in the case provided for in section 3621, only applies to cases where the illegality is after the judgment. But long before this exception, provided for in section 3621, this Court had decided that an affidavit of illegality would lie if there was no service, upon the ground that the judgment was a nullity. And Judge Lumpkin, in *Parker vs. Jennings*, 26 *Georgia*, 141, says: "This Court has repeatedly held that an affidavit of illegality does not allow you to go behind the judgment, and that the validity of the judgment cannot be attacked by such a proceeding; but it will be found, upon examination of the cases, it was where the judgment was voidable only, and not absolutely void. Of course, the judgment being good until set

aside, when it is erroneous only, it supports the execution." The effect of this is to say that, if the judgment be void, illegality will lie.   In this case, if what the complainant says be true, the Court giving this judgment had no jurisdiction, for want of service, and because the whole matter was in bankruptcy.   Though of this latter we are not sure, unless the plaintiff knew, or was notified of the fact; still, if the Court had no jurisdiction, the judgment is void at law, and equity has no jurisdiction, because there is a good remedy at law.

Judgment reversed.