HENRY BLOUNT, plaintiff in error, *vs.* W. T. WELLS, for use, etc., defendant in error.

An execution from the county court, issued by the clerk *de facto* and signed by him officially, is not illegal because the clerk practiced law at the time, and was one of the attorneys of record for the plaintiff in the execution.

County Court.  Clerk.  Attorney at law.  Execution.  Before Judge WRIGHT. Decatur Superior Court.   May Term, 1875.

Wells, for use, etc., recovered a judgment against Blount in the county court for Decatur county, established by the act of 1866.   Sims & Crawford represented him as attorneys.   W. H. Crawford, of said firm, was also clerk of the county court. He signed and issued the execution based upon the aforesaid judgment. Upon the levy of this *fi, fa.*, the defendant set up, by affidavit of illegality, that Crawford, being the plaintiff's attorney in said case, was not competent, as clerk, to issue said execution.   The illegality was overruled and the defendant excepted.

JOHN C. RUTHERFORD, by JACKSON & CLARKE; O. G. GURLEY; D. A. RUSSELL, for plaintiff in error.

BOWER & CRAWFORD, for defendant.

Moses *vs.* Bagley & Sewell.

BLECKLEY, Judge.

This execution was from the county court provided for by the act of 1866. Section seventh of that act creates the office of clerk, and lays no restriction upon his practicing law. Neither the judiciary act of 1799, Cobb's Digest, 574, nor the Code, section 256, applies to him. The county court act was complete in itself as to the clerk. Other legislation need not be referred to, to find out what he can or cannot do, further than the act makes the reference by its own terms. Besides, as the clerk was an officer *de facto,* a ministerial act performed by him as such is valid : See 20 *Georgia Reports,* 746. In the case cited, a judicial act by a justice of the peace, performed after his removal from the district, was upheld.

Judgment affirmed.