WILLIAM HARRISON *et al.*, executors, plaintiffs in error, *vs.* JAMES RUTHERFORD, defendant in error.

Two judgments were rendered in the inferior court of Quitman county at the February term, 1865, in favor of Crawford against Rutherford. More than ten years afterwards (the inferior court having in the meantime been abolished) certain parties filed their petition in the superior court of said county, alleging that they were the executors of one Harrison to whom Crawford had assigned the above claims for a valuable consideration, that the minutes of the inferior court failed to show that any jury had been legally impaneled when the verdicts were rendered, and praying that the judgments founded thereon be declared void, and the cases entered on the docket of the superior court in the name of Crawford for the use of petitioners. No reason was assigned for the delay in making such petition:

*Held*, that the want of diligence on the part of plaintiffs, and the lapse of time, unexplained, constituted an equitable bar to the reinstatement of the cases.

Inferior Court. Judgments. Practice in the Superior Court. Statute of limitations. Before Judge KIDDOO. Quitman Superior Court. May Term, 1876.

Reported in the decission.

JOHN T. CLARKE, for plaintiffs in error.

A. HOOD; B. S. WORRILL, for defendant.

WARNER, Chief Justice.

This case came before the court below on two petitions of the plaintiff to have certain verdicts and judgments therein described set aside and vacated, and the cases reinstated on the docket of the superior court of Quitman county. As the same question was involved in both cases, they were ar-

gued together by consent.  The statement of the facts in one case is all that is necessary to a clear understanding of the question presented for decision in both.  The plaintiffs allege, in one of their petitions, that on the 20th of January, 1863, Crawford instituted his action of complaint against Rutherford, in the inferior court of said county, returnable to the February term, 1863, of said court, on a promissory note, in which suit, at the February term, 1865, of said court, a verdict for plaintiff was entered on the minutes of said court, and a judgment entered thereon against said defendant for $997 57, with interest and costs; that afterwards, Crawford, for a valuable consideration, transferred to the plaintiffs the claim, suit and judgment, which claim still remains due to petitioners; that as it appears from the minutes of said court that there was no legally impaneled jury attending said court to render said verdict, said verdict and judgment are void *ab initio.*  Wherefore petitioners prayed that said verdict and judgment might be declared vacated, and that said case might be reinstated on the docket of cases pending and undetermined in the superior court, and that the same proceed to trial in the name of said Crawford for the use of petitioners. The defendant demurred to the petitioners' application, the court sustained the demurrer, and dismissed it on the ground that the motion was barred by lapse of time.  Whereupon the plaintiffs excepted.

The theory of the plaintiffs is that the cases were pending on the docket of the inferior court, and were, by operation of law, transferred to the county court, and from the latter court to the superior court, and that according to the decision of this court in *Rutherford vs. Crawford, 53 Georgia Reports,* 138, there never has been any legal verdict or judgment rendered in said cases, although the same were stricken from the docket of said courts, and, therefore, in contemplation of law, said cases have been legally pending in said courts, and should now be entered on the docket of Quitman superior court, and stand for trial as they would have done if the same had not been stricken from the docket of said court.  Assuming that

said cases were originally legally entered on the docket of the inferior court, and have never been legally disposed of, so as to have authorized the inferior court to have stricken them from its docket, still, they were stricken, and the question is whether the court below erred in refusing the motion to reinstate the cases, on the statement of facts contained in the record. The cases were stricken from the docket of the court most unquestionably when the pretended verdicts and judgments were obtained therein in February, 1865. More than ten years had elapsed from the time the cases were stricken from the docket up to the time of making the present motion to reinstate them. If the plaintiff in the suits had exercised ordinary diligence he would have known that his cases were stricken from the docket, and there is no pretense that he did not know it. The plaintiff was bound to exercise reasonable diligence in the prosecution of his legal rights, and not wait until the loss of papers, or the death of witnesses, would render it difficult to establish the rights of the respective parties in the suits sought to be reinstated : *Bostwick vs. Perkins, Hopkins & White,* 4 *Georgia Reports,* 43.

In this state, courts of law have concurrent jurisdiction with courts of equity to refuse to relieve a party by granting him a motion to reinstate his case upon the docket when from lapse of time it would be inequitable to do so. The cases were not stricken off the docket of the court by any motion or act of the defendant therein. In our judgment, not only the want of diligence on the part of the plaintiff, but the lapse of time, if not strictly a legal bar, would constitute an equitable bar to the plaintiffs' motion in this case, even if the present plaintiffs could, by a transfer of the original plaintiff, acquire a right to reinstate the cases and prosecute the suits against the defendant.

There was no error in refusing the motion to reinstate the case on the docket as prayed for in the plaintiffs' petitions on the satement of facts contained in the record.

Let the judgment of the court below be affirmed.