WALDEN, administratrix, *vs.* THE COUNTY OF LEE.

1. An affidavit of illegality to a tax *fi. fa.*, issued by order of the ordinary against the administratrix of the collector and his sureties, was properly retained to try the issue made on the first ground therein, "that the administratrix does not owe the amount claimed as due on said execution, or any part thereof, and that, on the contrary, said debt is not due or owing, or any part thereof."

2. No notice as a condition precedent is necessary before such execution is issued.

3. Though the ordinary be one of the sureties on the collector's bond, he may order the execution issued against his principal and himself and the other sureties.

4. The collector cannot attack the validity of the orders under which he has collected the county tax as a reason for not paying the money over, even if they were illegal; but the orders in this case were legal, under the ruling in *Arnett vs. Griffin, collector,* decided last week.

Tax. Illegality. Executions. Principal and surety. Before Judge CRISP. Lee Superior Court. November Term, 1877.

The ordinary of Lee county issued an execution against the administratrix of a former tax collector, and his sureties, for an alleged default. The administratrix filed an affidavit of illegality. This was demurred to, and all the grounds dismissed but one. Both parties excepted. For the other facts see the opinion.

W. A. HAWKINS, for plaintiff in error.

R. F. LYON; FRED H. WEST; McCAY & TRIPPE, for defendant.

JACKSON, Judge.

This is a bill of exceptions alleging error in the superior court in overruling certain grounds taken in an affidavit of illegality, and in retaining the affidavit in respect to another ground. Both parties except to the judgment. The County of Lee excepts because the court retained the illegality on the first ground taken therein; and it may be well to dispose of that first.

1. That ground is, "that defendant, as administratrix, does not owe the amount claimed as due on said execution, or any part thereof, and that, on the contrary, said debt is not due or owing, or any part thereof."

The Code declares, speaking of the *fi. fas.* issued for money collected for counties, that "if such execution shall issue for too much, or if defendant denies on oath owing any part thereof, he may, by filing an affidavit of illegality,

according to the rules governing other illegalities, cause an issue to be formed thereon," etc., etc. Code, §525.

This affidavit follows substantially, if not in very letter, the words of the Code, and it does not appear why this party should not make an issue, and have it tried as the Code seems to provide. There was no error, therefore, in retaining the affidavit on this ground, that the issue directed by the statute might be formed and tried.

On the other grounds, the affidavit was dismissed, a demurrer to them having been sustained.

2. The first of these is, that the defendant had no notice before the execution was issued. The statute does not prescribe notice as a condition precedent. It might be best to give it, but it is not essential to prove it. See Code, §§522, 523, 524, 525.

3. Again, it is said that the ordinary who caused the *fi. fa.* to be issued is one of the sureties on the bond, and the execution is against himself as well as the others.

It makes no difference. It is a mere ministerial act. A judge may confess judgment in his own court. See Code, §3601; 11 *Ga.*, 459.

So a clerk, though attorney of record, may issue execution. 55 *Ga.*, 282. So a magistrate, though son of the plaintiff, may issue a distress warrant, the act being merely ministerial. 55 *Ga.*, 607.

4. Again, it is said that the order of the ordinary was illegal, there being no recommendation of the grand jury of 152 per cent., which was assessed and levied. But the collector cannot object to the order under which he has collected the money. 56 *Ga.*, 290.

Besides, the order was not illegal. Seventy-five per cent was for bridges, which needed no recommendation, and twenty per. cent. for the poor and poor school fund one year, and the next 12½ for the poor. The case, in respect to this point, is covered by the case of *Arnett vs. Griffin*, from Decatur, not yet reported, decided at the present term. See that case and cases there cited.

Judgment affirmed.