D. F. EPPERSON *v.* ROBERT GRAVES.

[Kentucky Law Reporter, Vol. 3—527.]

**Meaning of the Word "Process."**

The word "process" means a writ or summons issued in the course of judicial proceedings.

**Trespass by Serving a Writ.**

It is the duty of the clerk of the circuit court to issue writs to the sheriff, and when he is a party to the action or interested therein, to the coroner, and when he is interested, to the jailer, and if all these officers be interested, then to any constable. But where the clerk issues a writ and directs it to the constable, because the office of sheriff is vacant, the constable is not required to determine and decide whether the writ is properly issued to him or not; and where the writ is regular on its face, and he obeys its command and serves it, he is not liable for trespass on account of the fact that it should not have been issued to him.

APPEAL FROM PULASKI CIRCUIT COURT.

January 21, 1882.

Judge Cofer delivered the following opinion January 14, 1880; after a rehearing it was again delivered by the court January 21, 1882:

The appellant, being sued by the appellee for seizing and converting to his own use certain goods and chattels belonging to the appellee, sought in one paragraph of his answer to justify under the following facts: He alleged that he was a duly elected and qualified constable of Pulaski county, and that there issued from the office of the clerk of said county an execution of fieri. facias against the appellee, and that he seized the goods sued for under and by virtue of said writ, and not otherwise. The writ was directed to the sheriff or any constable, but he averred that the office of sheriff of Pulaski county was at the time vacant. The appellee demurred to that part of the answer and his demurrer was sustained, judgment was rendered against the appellee for the agreed value of the property, and he has appealed.

Civil Code (1876), § 667, Subsec. 1, reads as follows:

"Every process in an action or proceeding shall be directed to the sheriff of the county; or, if he be a party, or be interested, to the coroner; or, if he be interested, to the jailer; or, if all these

officers be interested, to any constable." "The word 'process' means a writ or summons issued in the course of judicial proceedings." Civil Code (1876), § 732, Subsec. 26. "The word 'writ' means an order or precept in writing, issued by a court, clerk, or judicial officer." Civil Code (1876), § 732, Subsec. 27.

A fi. fa. is a writ, and therefore included in the generic word "process" used in § 667, and, when issued from the clerk's office of the circuit court, is required to be directed as prescribed in that section; and, inasmuch as the office of sheriff was vacant, the fi. fa. under which the appellant seized and sold appellee's goods should have been directed to the coroner or jailer, unless those officers were interested, which does not appear.

But does it thence follow that the constable to whom it was thus directed is liable as a trespasser for having acted under it? We think not. The law made it the duty of the clerk to issue the writ, and to direct it to the proper officer. In order to do this he must first decide to which of the several officers it ought to be issued, and the constable, as a ministerial officer, had no right to revise or question the decision of the clerk, or to inquire whether the coroner and jailer were interested or not. The writ was issued by an officer authorized to issue it, and to indicate which of several officers should execute it, and being regular on its face, it was the appellant's duty to proceed with it. *Commonwealth v. O'Cull,* 7 J. J. Marsh. (Ky.) 149, 23 Am. Dec. 393; *Banta v. Reynolds,* 3 B. Mon. (Ky.) 80.

We are therefore of the opinion that the court erred in sustaining the demurrer to that part of the answer in which the appellant justified under the fi. fa. Judgment *reversed,* and cause remanded with directions to overrule the demurrer.

*Curd & Waddle,* for appellant.

*T. Z. Morrow,* for appellee.