BEALL *vs.* SINQUEFIELD & COMPANY.

1. The judgment which the county court set aside upon an affidavit of illegality in this case was not void, because the judge rendering it was related in equal degree to both the parties litigant, especially when no objection was made at the hearing on this ground, and when the judgment had been acquiesced in for more than five years.

(a.) Semble, that if the judgment were void, this did not *ipso facto* take the case out of court, and that an order sustaining the affidavit of illegality, on the ground that the judgment was void, would have the effect of re-instating the parties to the position they held before the judgment was rendered, and the order sustaining the illegality should have so directed.

(b.) There was no error in re-instating the case.

(c.) This case differs from that in 57 *Ga.*, 60.

2. The distinction between a motion for new trial and a motion to re-instate a case is clear and obvious.

April 8, 1884.

Practice in Superior Court.   Judgments.   Illegality. Nullities.   Before Judge CARSWELL.   Jefferson County. At Chambers.   September 7, 1883.

F. A. Sinquefield & Company brought two suits on promissory notes against Jesse R. Beall, and obtained judgments thereon in the county court of Jefferson county. The *fi. fas.* issued thereunder were levied, and Beall filed affidavits of illegality, on the ground that the judgments were void, because the county judge who rendered them was related in the fourth degree of consanguinity to both of the plaintiffs. This issue was tried by the successor of the judge who rendered the judgments. He sustained the illegalities and held the judgments void. Plaintiffs then took out a rule *nisi* against the defendant to show cause why the cases should not be re-instated and stand for trial. Defendants showed the following causes :

(1.) The county court has no jurisdiction to re-instate a case, because a motion to re-instate being in the nature of a motion for a new trial, the superior courts only have urisdiction to hear and determine such motions.

(2.) The motion comes too late, as nearly five years have elapsed since the first judgment was rendered in the case, and the suit stricken from the docket, and the subject-matter of the suit is barred by the statute of limitations.

(3.) A motion to re-instate being an equitable proceeding, the plaintiff in such cases must be free from any fault or negligence on his part, and cannot take advantage of his own *laches*. The motion must be made within three years after the rendition of the judgment dismissing plaintiff's suit.

(4.) More than six years having elapsed since the notes,. which are the subject-matter of said suits, became due, they are now barred by the statute of limitations.

The court re-instated the cases. Defendant applied for a writ of *certiorari*, which was refused, and he excepted..

J. J. WHIGHAM; CAIN & POLHILL, for plaintiff in error..

GAMBLE & HUNTER, for defendants.

HALL, Justice.

It is not apparent to us that there was error in the re-
fusal of the judge of the superior court to sanction this
*certiorari.*

1. The judgment which the county court set aside, upon
the defendant's affidavit of illegality, was not a void judg-
ment, because the judge rendering it was related in equal
degree to both the parties litigant, as appears by admis-
sion made in argument here, though differently stated in
the petition for *certiorari;* especially is this so when it ap-
pears that no objection was made at the hearing on this
ground, and when the judgment had been acquiesced in for
more than five years. Code, §205; 55 *Ga.*, 282, 607. But
if the judge of the county court committed error in sus-
taining this affidavit of illegality, there was none in re-
instating the case on his docket; even if the judgment had
been void, as he supposed, this did not, *ipso facto,* take the
case out of court. We are inclined to the opinion that it
had the effect, without more, of re-instating the parties to
the position they held before the judgment was rendered,
and the order sustaining the affidavit of illegality should
have given this direction to the case, without the necessity
of a motion upon the part of the plaintiff in *fi. fa.* to re-
instate his case on the docket. This would seem to follow
from several decisions of this court bearing on the question.
46 *Ga.*, 396; 35 *Id.*, 173. The defendant in the *fi. fa.* has
gotten more than he was entitled to under the law, and
the plaintiffs less. Surely he should not be heard to com-
plain of this. This case is the very opposite in its main
features from that in 57 *Ga.*, 60. There the judgment was
set aside on the plaintiff's own motion; he had voluntarily
taken and acquiesced in it for more than ten years, when
all the witnesses to the transaction might have been dead,
and his opponent, by reason of this long lapse of time,
might have been subjected to great disadvantage in setting
up his defence, if indeed it might not have been impossi-

ble to do so effectually. To have suffered him to take advantage of such gross *laches* would have been both inequitable and unjust; it would have been holding out inducements to delay and negligence in the prosecution of rights, in direct contravention of the settled policy of the law.

2. This is not a motion for a new trial, nor its equivalent; the distinction between that proceeding and a motion to re-instate is clear and obvious. 30 *Ga.*, 191; 42 *Id.*, 435 (1 head-note); 55 *Id.*, 521.

Judgment affirmed.