## SAVAGE *v.* OLIVER.

A justice of the peace is by law prohibited from sitting in any cause when he is related to either party within the fourth degree of consanguinity or affinity, and while such relationship may not render void the issuance of an execution to foreclose a landlord's lien in favor of the party to whom the justice is related, yet, where such disqualification exists, any other justice of the peace of the county may also issue the execution and preside on the trial of an issue formed by a counter-affidavit interposed on the levy of such execution.

Submitted March 14, — Decided May 11, 1900.

Certiorari. Before Judge Estes. Hall superior court. July term, 1899.

*I. L. Oakes* and *J. W. H. Underwood,* for plaintiff in error.
*C. R. Faulkner* and *G. H. Prior,* contra.

LITTLE, J. Oliver sought to foreclose a landlord's lien for supplies furnished to make a crop, on the property of Savage. Both Oliver and Savage resided in the 810th district, G. M., of Hall county, and the property against which the lien was sought to be enforced was situated in said district. The justice of the peace of the 810th district was a brother-in-law of Oliver, and the notary public of that district was his brother. Under these circumstances Oliver made an affidavit to foreclose his lien before Herrin, notary public and justice of the peace of the 410th district, G. M., of said county. Herrin assumed jurisdiction, and, on the affidavit being filed, issued an execution against Savage, which was levied upon certain property, being cotton,

corn, and fodder, raised on the land of Oliver by Savage. The
defendant in execution filed a counter-affidavit in which he de-
nied the existence of a lien, and set up the want of jurisdiction
in Herrin, the notary public and justice of the peace of the
410th district, to foreclose said lien. Herrin, having returned
the papers to the 810th district, presided at the trial of the issue
formed by the counter-affidavit. The result of the trial was a
judgment in favor of the plaintiff. The defendant entered an
appeal to a jury, which also returned a verdict for the plaintiff.
The defendant then filed his petition for certiorari, which was
sanctioned. It appears that on the trial before the justice of the
peace, as well as on the trial before the jury, the defendant
moved to quash the execution issued by Herrin, because of the
want of jurisdiction in that officer to issue the same. Much
evidence was had as to the merits of the case and the amount
of the indebtedness of the defendant to the plaintiff. On hear-
ing the certiorari the judge of the superior court ordered that the
judgment of the court below be reversed and set aside and the
case remanded, unless the defendant should write off from said
judgment, within a given time, the value of six sacks of guano;
but if such amount should be written off from the judgment,
then the judgment rendered in the justice's court should be
affirmed. Under this ruling the defendant, within the time
named, wrote off from the amount of the judgment the value of
the six sacks of guano, the effect of which was that the verdict
rendered by the jury was sustained. To this ruling the de-
fendant excepted. The order which required the defendant in
certiorari to write off from the amount of the verdict the value
of six sacks of guano was based on certain evidence which ap-
peared in the record, that the guano was not furnished to be ap-
plied to the crops for the year in which they were raised; in so
ruling we find there was no error. The evidence for the plain-
tiff authorized the verdict which was rendered; and we do not
think the writ of certiorari should have been sustained because
of the refusal of the justice to continue the case on the applica-
tion of the defendant. There then remains for our considera-
tion but one question; and that is, whether or not Herrin, the
justice of the peace of the 410th district, had jurisdiction to issue

execution on the foreclosure of the landlord's lien, when both the plaintiff and defendant resided in the 810th district, and the property sought to be made subject was located in said district.

Under the provisions of our Civil Code, § 4045, no justice of the peace can sit in any cause when he is related to either party within the fourth degree of consanguinity or affinity. Both the justice of the peace and the notary public being related in this degree to the plaintiff, they were disqualified from sitting in the cause, and as the law provides for only one justice of the peace, and one notary public who is ex-officio justice of the peace, for each militia district, there was, consequently, no officer of this class in the district of the residence of the plaintiff and defendant who had jurisdiction to preside in the case. For the purpose of meeting a contingency of this character, the Civil Code, § 4072, provides that, when any justice of the peace is disqualified from presiding and there is no other justice of the peace in his district who is qualified, any justice of the peace of the county is qualified to issue all process and preside in his district. It would seem, under this provision, that Herrin, the justice of the peace of the 410th district, was given jurisdiction to entertain the affidavit made by Oliver, as well as to preside on the trial of the issue formed by the counter-affidavit. It is said, however, that administering the oath to foreclose a lien and issuing the execution thereon is a ministerial act which an officer is authorized to do notwithstanding he may be related to the plaintiff. We do not controvert this position. In the case of *Thornton* v. *Wilson,* 55 *Ga.* 607, this court held that a distress warrant issued by a magistrate who was the son of the plaintiff was not void. In delivering the opinion in that case, Warner, Chief Justice, said that the issuing of a distress warrant was a ministerial act on the part of the justice, and the warrant so issued was not void; which ruling has been approvingly cited in a number of subsequent cases. See *King* v. *Thompson,* 59 *Ga.* 384; *Walden* v. *County of Lee,* 60 *Ga.* 298; *Beall* v. *Sinquefield,* 73 *Ga.* 50; *Drawdy* v. *Littlefield,* 75 *Ga.* 217. We can not, therefore, rule that if either the justice of the peace or the notary public and ex-officio justice of the peace of the 810th district had administered the affidavit tendered by Oliver to fore-

close his lien, and issued an execution on the same, the execution so issued would have been void. If we assume that it would have been valid and regular, it is nevertheless true that, under the provisions of section 4072 referred to above, any other justice of the peace in Hall county was invested with jurisdiction to administer the affidavit and issue the warrant. So that, even if the execution would not have been void if issued by either of the officers related to Oliver, yet, when issued by another justice of the peace in the county because of the disqualification of such officers, it must be held to be regular and valid. The words of the statute are, that such justice is qualified to issue all process as well as to preside. The word " process," as a legal term, has a very comprehensive signification. One of its definitions is, that it is a writ, warrant, subpœna, or other formal writing issued by authority of law; and it can not be questioned that the execution issued on the foreclosure of a landlord's lien is embraced in the general definition of process.

So that our conclusion is, that while the execution, if it had been issued by a disqualified officer in the district in which the defendant resided, would not have been void, the fact of disqualification of the two justices of the district gave to any justice of the peace of the county jurisdiction to issue it; and the fact that it was issued in this case by the justice of the peace of an adjoining militia district in the county of the residence of both the plaintiff and defendant affords no reason why the levy entered upon it should have been dismissed and the execution quashed. In refusing to grant the motion of defendant there was no error.

*Judgment affirmed. All concurring, except Fish, J., absent.*