## 5643. COLQUITT NATIONAL BANK *v.* POITIVINT.

1. A sufficient assignment of error to give this court jurisdiction is presented where the bill of exceptions excepts to and assigns error upon the refusal of the court to dismiss, on general demurrer, an affidavit of illegality.

2. Where no motion for a new trial is made, the plaintiff in error may either incorporate in the bill of exceptions the evidence material to an understanding of the errors complained of, or specify the brief of evidence and have it sent up as a part of the record. Civil Code, §§ 6140 (1), 6141.

3. Under the act creating the city court of Bainbridge (Acts 1900, p. 104, Acts 1901, p. 94), executions issuing from that court shall be directed "to the sheriff or his deputy of the city court of Bainbridge, and all and singular the sheriffs or their deputies of the State of Georgia." Hence,

executions issuing from the city court of Bainbridge may be levied by the sheriff of that court or his lawful deputy, or by the sheriff of Decatur county (or any other county of this State), or his deputy.

DECIDED OCTOBER 20, 1914.

Affidavit of illegality; from city court of Bainbridge—Judge Spooner. March 23, 1914.

*W. H. Krause,* for plaintiff.　*T. S. Hawes,* for defendant.

WADE, J. 1, 2. The propositions stated in the first and second headnotes are too well established to require the citation of authorities. In this case very little evidence was necessary for the ruling of the court, and that was briefly and distinctly stated in the bill of exceptions—a practice rather to be approved than condemned.

3. The 14th section of the act creating the city court of Bainbridge (Georgia Laws 1900, p. 108) provides that "all executions issuing from said court shall be attested in the name of the judge, and signed by the clerk, and directed to the sheriff or his deputy of the city court of Bainbridge, and all and singular the sheriffs or their deputies of the State of Georgia." The act creating that court provides for a sheriff of the court,—that is, that the sheriff of the county shall "by virtue of his office" be sheriff of the city court, and that, in the event the sheriff of the county shall fail to qualify as sheriff of the city court, the judge of the city court shall appoint a sheriff for the court; still, under the act, the sheriff of the county and his deputies are vested with concurrent power with the sheriff of the city court and the deputies of the city-court sheriff, so far as pertains to the right to levy executions issuing from that court. This fact differentiates the court to that extent from somewhat similar courts established by acts containing different language. Section 14 of the act provides also that "the process to writs shall be annexed by the clerk of said city court, attested in the name of the judge thereof, and be directed to and served by the sheriff of the city court of Bainbridge, or his deputy;" and this court has held, in the case of *Ga., Fla. & Ala. Ry. Co.* v. *Anderson,* 12 *Ga. App.* 117 (76 S. E. 1056), that "service of process from the city court of Bainbridge is not legal service when made by a deputy sheriff who has not been legally appointed deputy sheriff of that court as required by the act establishing the court." There is no actual conflict whatever between these two provisions of section 14. The evident intention of the act is to limit the power to *serve processes* of the city court to the duly appointed and qualified sheriff

of the city court of Bainbridge or his deputies, and, for reasons which naturally suggest themselves, to extend the right to *levy executions* issuing from that court to "all and singular the sheriffs or their deputies of the State of Georgia."

While in a broad sense the word "process" includes the means whereby a court compels the appearance of a defendant before it or a compliance with its demands (*Neal-Milliard Co.* v. *Owens,* 115 *Ga.* 959-61, 42 S. E. 266), and in fact includes any and every writ, rule, order, notice, or decree, including any process of execution, that may issue in or upon any action, suit, or legal proceedings (Nat. Fire Ins. Co. *v.* Chambers, 53 N. J. Eq. 468, 32 Atl. 663, 666), and is not restricted to mesne process (U. S. *v.* Noah, 27 Fed. Cas. 176, 177), and, as held in Epperson *v.* Graves, 3 Ky. Law Rep. 527, 528, an ordinary fi. fa. is included in the generic word "process," as used in the Civil Code (§ 667) of that State; nevertheless it appears that the word as used in various statutes of this State is generally given a more restricted meaning, and usually refers especially to the means by which a person is brought into a court to answer to any action or complaint there pending. "The word 'process,' as a legal term, has a very comprehensive signification. One of its definitions is, that it is a writ, warrant, subpœna, or other formal writing issued by authority of law," and an execution issued on the foreclosure of a landlord's lien (which is merely mesne process if a counter-affidavit be filed) is embraced in the general definition of the term. *Savage* v. *Oliver,* 110 *Ga.* 636, 639 (36 S. E. 54). It is obvious that the word "process," as used in section 14 of the act, supra, is intended to be construed in the narrow or restricted sense, and has reference to those mandates of the court intended to bring parties into court or to require them to answer proceedings there pending. Especially is this evident when the fact is recalled that the provision which requires that "the process to writs" shall be directed to and served by the sheriff of the city court of Bainbridge, or his deputy, likewise declares that *executions* issuing from the court shall be "directed to the sheriff or his deputy of the city court of Bainbridge, and all and singular the sheriffs or their deputies of the State of Georgia." The provision in regard to the service of process by the sheriff of the city court or his deputy, and by no other person, and the provision providing that executions issuing from this court shall be

directed not only to the sheriff or his deputy of the city court, but also to the sheriffs or their deputies of the State of Georgia, occurring in the same section of the act, clearly indicate the purpose of the legislature to draw a distinction between "process" and "execution," and to give the former word its less comprehensive meaning, so that while it is necessary that "the process to writs" be served by the sheriff of the city court of Bainbridge or his deputy, "executions issuing from said court" may be levied not only by the sheriff of the city court or his deputy, but also by any other sheriff or deputy sheriff of the State of Georgia.

*Judgment reversed. Roan, J., absent.*