Cowen, J.
By the Court, Only two legal points were made by the judge in the charge: one that the plaintiffs had established a good paper title, the other that the defendants had failed to continue their line of deeds.' The bijU-excepts to the aforesaid opinion and charge, leaving it somewhat equivdbal which opinion, or whether the whole charge. But the bill immediately adding in connection with the exception, “ and insisted that the said deed of the said Cornell was sufficient,” &c., specifically indicates the ground of exception. It is saying, in other words, (though I admit somewhat inaptly,) that the counsel excepted because the deed was- sufficient to make out the privity. The great purpose in requiring the point and object of exception to be mentioned is, that notice may be given to the court and opposite party. In this case for instance, admitting the deed to be valid, it was not yet too late for the court to allow, in its discretion, evidence that the defendants had acknowledged the plaintiffs’ title, or any other fact overcoming the defence of adverse possession. They were, I think, in this respect put upon their guard by the iyords connected with, and explaining the extent of the exception. This view is not incompatible with the rule laid down in Willard, v. Warren, 17 Wendell, 258-9. Besides, the exception was not only to the aforesaid opinion” but also to the charge. It being plain that [ *319 ] *two points of law only were stated in the charge, it would not be a strained construction to say the exception to the charge reached both those points. The same thing was done in Harlow v. Humiston, 6 Cowen, 189. Of this there is certainly some doubt, where the charge is not so far, as inserted in the bill, exclusively confined to points of *319 law ; and so the points of law are numerous. Indeed it may not he a safe rule to say that where there is more .than one, the exception need not distinguish which it is intended to reach. The substance of the exception should always be settled and clearly understood, and noted down at the trial. The matter to which it applies should also be well understood there. It is, therfore, the better way, if not, in general, essential, to mention the particular points in the charge.
There can be no doubt of the rule insisted on by the counsel for the plaintiffs, that could we suppose each of the parties to have, from the beginning, stood in such a relation to the premises as, without title, would constitute in them respectively a constructive adverse possession, the one who superadded the legal title should prevail. It would be like the case of an actual possession in both, claiming adversely. Other things being equal, the legal light turns’the scale. Adams on Eject. 54, ed. by Tillinghast, and note 3d there. See also Bryant v. Allen, 2 Hayw. Rep. 74. It is plain, however, that a constructive adverse possession, arising from circumstances, precisely coeval and concurrent, must bo a rare case. One, in general, closes the door against the other, at least by priority of time.
Accordingly such a community of possession as might neutralize the defendant’s claim, not being entirely clear in the principal case, the learned judge at the circuit put it on a defect in the deed under the surrogate’s order. The plaintiffs, therefore, cannot now say they are entitled ío récover,if that deed was valid for the purpose of keeping up the continuity of possession on which the defence rested. No doubt that, as the statute regulating probate conveyances stood when the deed was concocted and executed, it was ' void on its face. That was admitted at the circuit and not denied i at the bar. It is equally clear that where an adverse ^possession [ *320 ] ¡in several persons successively is necessary to complete the term ¡of limitation, they must shew an unbroken transmission of the possession from one to the other, during a sufficient number of years to satisfy the statute of limitations. In this case the limitation beginning to run before the revised statutes were passed, the time was twenty-five years. McCormick v. Barnum., 10 Wendell, 104
Had the claim here been of an actual adverse possession continued from Horn down to the defendants, perhaps there would have been less difficulty. Every thing then would be manual and tangible. The pedis possessio would be seen devolving from one to another ; and a vicious, even a void deed, in tervening, might not take from the effect. But this is by no means clear. The rule, as laid down in the books, is that there must be an adverse posses-4 sion by the defendant or by those under whom he holds, or both, for the term' of limitation. Adams on Eject, ed. by Tillinghast, 47. Can one be said to h_o{J an adverse possession under another, in any case, without privity either of contract, blood or estate ? Be that matter as it may, however, it *320 seems to me that many arguments combine to show that privity is necessary to the continuity of constructive possession, when we regard the notion of that kind of possession as it prevails under the law of this state. Of such a possession, I understand a deed, or some instrument sufficient in form for the purpose of carrying title, to constitute an essential ingredient. It is made up of an actual possession of part, claiming the whole under a deed which covers the whole. In such case and not short of that, is the grantee said to be in constructive possession of the part unoccupied. Finch began with such a possession by his deed from Horn in 1806. That possession continued in him to 1813 at farthest, when he died, and after an interval of five or six years, a conveyance is executed by Cornell, his administrator, to Collins, void on its face, for every purpose of passing any interest. Collins may then be taken as beginning a constructive adverse possession de novo. But this leaves the defence short of twenty-five years. It wants the connecting link between Finch and Collins, a possessory link, I admit, but that [ *321 ] appears to me to depend on a valid *deed, without which I do not see how another deed, one essential element, is to be transferred. Collins took no actual possession. There has been none in any of his successors. Either as an actual possessor or in some other way he must come into Finch’s shoes ; but all the interest of the latter was suffered to descend to his heirs. Suppose Finch had conveyed in his life time and Collins had come in under a deed from a total stranger, driving off and dispossessing Finch’s grantee ; Cornell was but a stranger, and Collins took adversely to Finch’s heirs. The line of continuation lay through them. Both Finch’s possession and that of his heirs was, I admit, a wrong. The statute of limitations, however, had begun to run. They had a right to say that this wrong should be continued and made available in their successors. But it was not such a wrong as would work a right in any hands without Finch’s deed, or his title under it. Every adverse possession is a wrong amounting to an inchoate right. In the latter sense, it is transferable by sale or gift ; but when constructive, there is no corporal seizin which can be transferred by livery. It is in the nature of an incorporeal right. True, there must be a corporal, not to say a contiguous possession of part; but that is amplified and spread over the actually vacant premises lying adjacent, by a deed in the tenant’s bureau. The right is thus extended in theory or contemplation of the law ; and when the essential elements no longer co-exist, the complex idea vanishes, or dwindles to the actual, corporal, territorial limit. The English law has never, I believe, admitted the refinement which creates a constructive possession by mere claim, though under color of a wrongful deed. It seems to prevail, however, under divers limitations in several different' states. At any rate, it has long been recognized as existing in this state ; Jackson, ex dem. Putnam, v. Bowen, 1 Caines, 358 ; Jackson, ex dem. Bristol, v. Elston, 12 Johns. R. 452, 454 ; though its practical application *321 seems not to have been well understood till Jackson, ex dem. Gilliland,, v Woodruff, 1 Cowen, 276, Jackson, ex dem. Ten Eyck, v. Richards, 6 id. 617, 623, and Jackson, ex dem. Hasbrouck, v. Vermilyea, id. 677. Vid. also Jackson, ex dem. Gee, v. Oltz. 8 Wend. 440, 1.
*The rule was found so well adapted to the exigencies of new [ *322 ] and unsettled parts of the state, that it ivas afterwards expressly adopted and its operation limited according to our adjudications, by the revised statutes, 2 vol. 222, 2d ed. Under either the common law or statute rule, the ideal possession cannot be extended by a written instrument, beyond the customary size of the lot or farm partly occupied. The size must accord with the usage of the adjoining country ; and section 9th declares that there must be a continued occupation for twenty years under such claim ; i. e. under the written instrument, &c., which works the extension. The abstraction once being formed must take a course in the regions of technical jurisprudence to be regulated by analogies, drawn from other branches of the law, mainly, I admit, from the doctrine of actual possession, to which it is regarded as an equivalent. Thus, co-existing or mixed with another like possession, it is, as we have seen, neutralized. But the prior abstraction fills the described territory, and prevents the interference of one subsequently arising in the hands of a third person, though an actual possession by the latter will overcome the abstraction. Jackson, ex dem. Hasbrouck, v. Vermilyea, before cited. What then is continuity of estate, as understood in analogous branches of the law ? How is the claim of the successor to be identified, in the language of the revised statutes, (for I take these to be but a repetition of the principle as it stood before,) with the prior wrongful adverse claim under the same instrument ? The answer seems obviously, by such conveyances from one to another as, supposing a good title to exist, would transfer that title. It is essential, to effect such a purpose, that the original deed at least, whatever title there was under it, should pass along the line by conveyance. Clearly such a probate deed as we have here would not work the effect. The death would leave the deed itself to descend, as a part of the inheritance. So in many cases the right to the deed passes from one to another in virtue of the grant of the whole estate holden under it. Buckhurst’s case, 1 Rep. 1. It is the same thing where we are inquiring for the continuance of a wrongful deed or title. As ^between [ *323 ] the parties who stand along the line of succession, the title is looked upon as rightful. The deed to be carried may contain a warranty, and thus be material to the grantee as an indemnity. The deed to Finch might thus have passed along the whole line from Horn to the defendants. Coming to Finch, however, his death and the void deed from his administrator to Collins, broke the concatenation. Beings void, it was as no deed, and we concur with the circuit judge that the defence,by adverse possession can date 'only from the administrator’s deed. The time being thus short of the li *323 mitation, the verdict was therefore right; and a new trial should be denied.
By the Chief Justice.
This case might have been placed at the circuit on the ground that the plaintiffs had shewn a legal title in feo to the premises in question, and an actual possession of part claiming title to the whole, long before the commencement of the constructive adverse possession of the defendants now set up; and which possession and claim continued down to the commencement of the suit.
But I think it may also be maintained on the ground taken by Mr. Justice Cowen — Cornell, the administrator, not having been joined in the deed by the discreet freeholder, is to be regarded as a stranger to the premises; his deed therefore did not convey even a right to the possession of Finch the intestate — that went with the claim of title to his heirs. The continuity of Finch’s possession was thereby broken ; the defendants not connecting themselves with it.
Whatever therefore may have been the character of the adverse possession shewn by the defendants, it fell short of the requisite time to bar the plaintiffs.
New trial denied.