No. 12.—John Doe, ex dem. of Zachariah Hester, plaintiff in error, vs. Richard Roe, casual ejector, and Calvin Coats, tenant in possession, defendants in error.

[1.] A Sheriff's deed, and possession under it, unaccompanied with the judgment or execution, is good color of title, as a starting point for the statute of limitations.

[2.] The interest to exclude a witness, must appear affirmatively to be fixed and certain.

[3.] Where a Sheriff's deed unaccompanied with a judgment or execution although good as color of title for the starting of the statute of limitations—still, possession under it, cannot be connected with any previous possession, so as to constitute a good statutory bar.

Ejectment, from Heard Superior Court.    Tried before Judge Hammond, at August Term, 1856.

This was an action of ejectment, brought by Doe, on the demise of Zachariah Hester, against Roe, casual ejector, and Calvin Coats, tenant in possession, for the recovery of a lot of land situated in the county of Heard.

Plaintiff offered in evidence, a plat and grant from the State of Georgia to Zachariah Hester, for the lot of land in dispute; proved the *locus in quo*, and the possession of defendant at the commencement of the suit, and closed.

Defendant offered in evidence, a Sheriff's deed to William B. W. Dent for the same land.    Plaintiff objected to the introduction of this deed as evidence, because no connection or privity was shown between Hester and the defendant, James Bell, in the execution under which the Sheriff sold the land to Dent; and because no judgment or execution was offered in evidence against Bell, nor did it appear that he was in possession of the land at the time it was sold.    The Court ruled out the deed as evidence of legal title, but admitted it as color of title, to which decision plaintiff excepted.

Defendant then introduced *Nicholas Tompkins*—plaintiff objected to his competency, on the ground that he was the administrator of Giles S. Tompkins, who claimed a third of

the land in dispute, being a joint owner with Dent and Winston Wood, and that Coats, the defendant in the suit, was in possession as their tenant. The Court overruled the objection, and plaintiff excepted.

The defendant then proved by Tompkins, that Bell was in possession of the land in 1840 or 1841; that he went to where Bell and Allen Lambert were digging gold on the lot, and that Coats was now in possession as tenant of Dent, Wood, and witness as administrator.

*William B. Tompkins*, a witness for defendant, testified, that after the date of the Sheriff's deed to Dent, about November 1842, Allen Lambert was in possession, who told witness he held under Winston Wood. Defendant here closed.

Plaintiff, in reply, offered in evidence, the record of a former suit between the same parties for the same land, which was dismissed at November Term 1851, and showed that the present suit was commenced within six months thereafter.

The testimony here closed, and the Court charged the jury, that to entitle the plaintiff to recover, he must show title in himself, and that a grant from the State was a good title, and sufficient to authorize a recovery.

Plaintiff's counsel requested the Court to charge, that there being no judgment or execution shown against James Bell, in support of the Sheriff's deed to Dent, those taking possession under said sale and deed, were trespassers upon Bell's possession, and antagonistic thereto by ousting him by an illegal and fraudulent sale, purporting to have been made by the Sheriff; which charge the Court refused to give, but charged the jury that defendant's possession under the Sheriff's deed might be coupled with Bell's possession for the purpose of showing a *continuous* possession of seven years under the statute of limitations, to which charge and refusal to charge, plaintiff excepted.

The jury found for the defendant; plaintiff's counsel tenders his bill of exceptions and therein assigns as error, the rulings, charges and refusal to charge, excepted to above.

MABRY & WRIGHT, for plaintiff in error.

OLIVER and B. H. HILL, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was an action of ejectment, to recover lot No. 274 in the 9th district of what was originally Carroll, now Heard county. The plaintiff, Zachariah Hester, introduced a grant from the State to himself; proved the *locus* and the possession of the defendant at the commencement of the action, and closed his case.

The defendant offered in evidence, a Sheriff's deed to the lot of land, made to Wm. B. W. Dent. This testimony was objected to on the ground, that no judgment or execution against Bell—as whose property the land purported to have been sold—had been shown, or that Bell was in possession at the date of the sale.

The Court ruled out the deed as legal title, but allowed it to go to the jury as color of title, and this is the first error complained of.

[1.] In *Beverly et al vs. Burke* 9 *Geo. Rep.* 440, this Court held, that the Sheriff's deed alone, unaccompanied by either the judgment or the fi fa, was sufficient to constitute color of title:—that is to be a starting point from which the statute of limitations might begin to run, provided the purchaser went into possession under it. We adhere to that opinion.

[2] Nicholas Tompkins was next tendered as a witness, and objected to on the ground of interest. He was the administrator of Giles S. Tompkins, deceased, who owned one-third of the land in dispute; that Coats, the tenant, was put upon the land by Dent, Wood and the witness as administrator;

and that as administrator he had employed counsel, and was responsible for their fees.

The Court held, that it did not affirmatively appear, that Tompkins was incompetent by reason of his interest; and therefore he was permitted to testify, and we see no error in the ruling. A naked trustee is excluded when a party to the record, because liable for cost, otherwise, the burden is upon the objector to demonstrate that he has such a certain and fixed interest, as to disqualify him. He may or may not be liable over, representatively, to Coats, in case of eviction. He is only bound representatively for attorney's fees.

[3.] It only remains to notice the charge requested by plaintiff's counsel, and that given by the Court.

The Court was asked to instruct the jury that no judgment or execution having been shown against Bell, that the Sheriff sold, if at all, without authority, and that Dent and others who took possession under the Sheriff's deed, were trespassers on Bell's possession, and that they could not connect their possession with Bell's.

This charge the Court refused to give, but on the contrary, instructed the jury, that the possession of Dent and others, might be connected with Bell's, for the purpose of making out a statutory title. Was the Court right?

First, as to the request to charge. If no authority was shown in the Sheriff to sell the land, while it may be true, as decided in 9th *Ga. Rep.* that a mere Sheriff's deed may be enough to lay the foundation for the statute to begin to run, still, if the Sheriff had no authority to sell, and such is the legal presumption in the absence of proof, would not those who went into possession under the Sheriff's deed, be trespassers, even against the alleged defendant in execution? The Sheriff's deed unaccompanied by a judgment or execution, is no more than the deed of any other individual, *Simpson vs. Downing*, 23 *Wendell*, 316. Be this as it may, the nature of Bell's possession being unexplained, that is, it not appearing to have been adverse to that of the true owner,

and no authority having been shown in the Sheriff to sell, we are clear, that the possession of Dent and others cannot be connected with that of Bell, so as to oust Hester, and that therefore the charge of the Court, as given, was manifestly erroneous.

Judgment reversed.