## LOCKE *v.* WHITNEY.

One cannot avail himself of the previous possession of another under whom he does not claim, in order to establish a title to land by adverse possession.

To sustain a claim for betterments, the tenant must show that he had actual and peaceable possession of the premises, claiming in good faith and supposing that he had a legal title for more than six years prior to the commencement of the suit.

WRIT OF ENTRY, dated December 3, 1883, for lot No. 2 on D. and L.'s plan of lots in Nashua. D. and L. owned and were in possession of the lot in 1853, and the plaintiff has their title. Daggett & Cross were in possession of the lot from July 6, 1863, to July 8, 1869, when they conveyed the adjoining lot, No. 1, to James Whitney, who entered upon and held possession of lot No. 2 until his death in 1881. Since that time the defendant, his son and heir-at-law, has been in possession, and claims title by adverse possession.

In 1871 the plaintiff entered upon the lot, claiming title, and informed Whitney that he had a good deed from the preceding owner. In 1876 he again demanded the land of Whitney, exhibited his deed, and pointed out to Whitney the fact that the description in the deed of Daggett & Cross to him did not include the lot. After the death of Whitney, and before the commencement of the suit, the plaintiff, understanding that the defendant's mother was in possession, demanded of her the land.

While Daggett & Cross were in possession, they moved upon the lot a shed which James Whitney underpinned, shingled, and otherwise improved   The defendant claimed that he should be allowed for these improvements in case the plaintiff is entitled to recover.

*R. D. Barnes* and *A. F. Stevens*, for the plaintiff.

*E. S. & H. A. Cutter*, for the defendant.

CARPENTER, J.   The defendant has no title.   He cannot avail himself of the possession of Daggett & Cross, because he does not

claim under them. *Bailey* v. *March*, 3 N. H. 275; *Edmunds* v. *Griffin*, 41 N. H. 530; *Simpson* v. *Downing*, 23 Wend. 316; *Jackson* v. *Loyd*, cited in *Jackson* v. *Woodruff*, 1 Cow. 286; *Sawyer* v. *Kendall*, 10 Cush. 241; *Leonard* v. *Leonard*, 7 Allen 277, 281. If he did claim under them, the result would be the same, because the adverse possession was interrupted by the plaintiff's entry upon the land, and claim of title, in 1871. *Campbell* v. *Wallace*, 12 N. H. 362, 367; *Wendell* v. *Moulton*, 26 N. H. 41, 59; *Gage* v. *Gage*, 30 N. H. 420, 426; *Burrows* v. *Gallup*, 32 Conn. 493; *Brickett* v. *Spofford*, 14 Gray 514.

It is not found that the defendant was in the actual and peaceable possession of the premises, claiming in good faith and supposing that he had a good legal title for more than six years before the action was commenced, and his claim for betterments cannot be allowed. G. L., c. 232, s. 6. *Bellows* v. *Copp*, 20 N. H. 492; *Wendell* v. *Moulton*, 26 N. H. 41, 65; *Tripe* v. *Marcy*, 39 N. H. 439.

*Judgment for the plaintiff.*

ALLEN, J., did not sit: the others concurred.