RUFUS DANFORTH ET AL.

v.

CLARENCE D. PERRY ET AL.

1. SPECIFIC PERFORMANCE—CONTRACT NOT IN WRITING.—Where a contract not in writing is vague or uncertain in its terms, or is not clearly proved, a court of equity will not decree specific performance.

2. SAME—MUST SHOW TITLE.—A bill to enforce specific performance of an oral contract, by which it was alleged complainant agreed to sell and convey to defendant a certain lot, to be paid for by defendant in work. *Held*, that under the circumstances of this case, complainant was bound, assuming that the contract was definite and certain, and clearly proved, to show his ability to convey an unincumbered estate in fee simple before he was entitled to a decree of specific performance.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed July 28, 1886.

Mr. EDWARD ROBY, for appellants.

Mr. FRANKLIN P. SIMONS, for appellees.

MCALLISTER, J. This was a bill in chancery by appellee Perry against appellant Rufus Danforth and others, for the specific performance of an oral contract alleged to have been entered into in October, 1880, whereby Perry agreed, as he says, to sell and convey, or procure to be conveyed, to said Danforth or his wife, by good and sufficient warranty deed, a

certain lot of land described in the bill, at an agreed price of five hundred and fifty dollars, to be paid for by Danforth in work to be done by him as a painter, upon houses already built and to be built by said Perry, who was also to furnish Danforth materials with which to build a house on said lot, to be paid for in like manner by Danforth. No time was specified within which said work was to be done or the conveyance of title to be made, and by the contract, as set out, Danforth was permitted to take possession of said lot at any time within his discretion.

The bill is wholly silent as respects any title in or to the land held by Perry, but simply alleges that, upon settlement with Danforth, he, said Perry, was ready and willing, and thereby offered, to deed to said Danforth, or to whomsoever he might direct, the said premises by a good and sufficient warranty deed. The contract as set out is indefinite and uncertain as respects the work which Danforth was to perform in payment of the price as above stated.

The answer of Danforth denied the contract as alleged; averred the doing a large amount of painting for Perry; averred that he had never been furnished with an abstract of title to said lot, and insisted upon his right to have complainant exhibit his title to said premises.

Replication having been filed, a reference to the master was ordered by the court to take and report the evidence—to take and state an account between the parties. The evidence was taken under the issues thus found, and the master having filed his report, the complainant, on leave given, filed an amended bill, setting out the contract in different terms, but still indefinite as above stated, and containing no allegations as to complainant's title, or in respect of any waiver by Danforth of his right to have the title exhibited.

The defendants having had no opportunity to answer the amended bill afforded by notice or otherwise, a decree for specific performance was directed and entered; but the complainant made no exhibit of his title to the said lot before the master or in open court.

Under the circumstances of this case, the complainant was

bound, even assuming that the contract was definite and certain and clearly proved, to show his ability to convey an unincumbered estate in fee simple, before he was entitled to a decree of specific performance. Owings v. Baldwin, 8 Gill. 350; Beckwith v. Rouns, 6 B. Monroe, 222; Garnett v. Macon, 6 Call (Virg.), 335; Seymour v. Delaney, 6 Johns. Ch. 333; Moss v. Hanson, 17 Penn. St. 379; Creigh v. Shatto, 9 Watts. & Serg. 82; Tuckett y. Williamson, 37 Mo. 383; Page v. Greeley, 75 Ill. 400.

The alleged contract was not in writing. When such a contract is vague or uncertain in its terms, or is not clearly proved, a court of equity will not decree specific performance. Allen v. Webb, 64 Ill. 342; Bowman v. Cunningham, 78 Ill. 48; Lokerson v. Stillwell, 13 N. Y. Eq. 357; Minturn v. Baylis, 33 Col. 129; Stanton v. Miller, 58 N. Y. 200.

We regard the contract as set out in either the original or amended bill, as too vague and uncertain to be the proper subject of specific performance by a court of equity; and, taking all the evidence into consideration, it was not clearly proved.

It was said in argument, by appellees' counsel, that the appeal was not from the original decree of specific performance, but from a supplementary decree. But error was assigned upon the original decree, and appellees joined in error. That gives this court jurisdiction.

For the reasons stated, such original decree will be reversed, and of course the supplementary decree must fall with it. The cause will be remanded for further proceedings not inconsistent with this opinion.

Decree reversed.

MORAN, J., took no part in the decision of this case.