IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

---

### OCTOBER TERM, 1886.

---

PRESENT—JAMES JACKSON, . . . . . . . CHIEF JUSTICE.
      *LOGAN E. BLECKLEY, . . . . .     "      "
      SAMUEL HALL, . . . . . . . . . ASSOCIATE  "
      M. H. BLANDFORD, . . . . . . . ASSOCIATE  "

---

### KILE, trustee, *vs.* FLEMING, and *vice versa*.

1. Where, in 1855, a deed was made to a trustee for the sole and separate use of a married woman during her natural life, free from the control or debts of her present or any future husband, and at her death to convey the property to any person whom such usee might appoint by deed, will or other proper writing, and on failure of such appointment, the property was to be equally divided between her children; and where, on a suit brought by the successor of the original trustee against the person holding the land, the defendant offered in evidence a tax *fi. fa.* against the married woman, together with a sheriff's deed thereunder, dated more than seven years before the beginning of the suit, it was admissible as color of title if for no other reason.

2. The mere bringing of an action which is dismissed and not prosecuted to a successful termination, is no disturbance of possession so as to prevent a prescriptive title from ripening; and on a second suit, brought more than six months after the dismissal of the first, the record of the former suit was properly rejected from evidence.

3. The trust stated in the first head-note above became executed on the passage of the act of 1866, which made a *feme covert* a *feme sole*

---

*Appointed to fill the vacancy made by the death of Chief Justice Jackson, which occurred during this term.

   v 78-1

as to her separate property, and prescription ran against the wo-
man for whose benefit the trust was created, although the original
trustee died and there was a lapse of a number of years before the
appointment of a successor.

(*a*) This court is satisfied that nothing was sold by the sheriff or
purchased by the bidder, except the interest of the married wo-
man in the land.

4. Where a plaintiff in ejectment made out a case which would entitle
him to recover, and the defendant introduced testimony which
would entitle him to recover, it was error to grant a nonsuit. The
case should have been left to the jury, under proper instructions
from the court, although the court may have correctly been of the
opinion that the plaintiff could not recover.

December 7, 1886.

Trusts and Trustees.  Title.  Prescription.  Evidence.
Levy and Sale.  Tax.  Nonsuit.  Before Judge HUTCHINS.
Clarke Superior Court.  April Term, 1886.

Reported in the decision.

GEO. S. THOMAS ; A. J. COBB, for plaintiff.

POPE BARROW ; GEO. D. THOMAS, for defendant.

BLANDFORD, Justice.

This was an action of ejectment brought by plaintiff in
error, as trustee for Mrs. Martha W. Clower, to recover a cer-
tain parcel of land in the city of Athens, against the de-
fendant.  Plaintiff relied upon a deed made by Asbury
Hull, and John Billups, on the 30th day of June, 1855, to
Thomas R. R. Cobb, as trustee for Martha W. Clower, to
the premises in dispute, for the sole and separate use of
said Martha W. Clower during her natural life, free from
the control or debts of her present or future husband,
and at her death to convey the same to any person whom-
soever the said Martha Clower may, by deed or will or
other proper writing, appoint, and on failure to appoint, to
be equally divided between the children of the said Martha

W. Clower; and the said trustee is authorized to sell and convey the premises, with the consent of the said Martha Clower, and to pay over the proceeds to her, and her receipt to the trustee shall be to him a sufficient voucher to discharge him from all liability. The plaintiff showed also that Thomas R. R. Cobb died in December, 1862; also the appointment of Thomas Kile, by the judge of the superior court of Fulton county, as trustee in the place of T. R. R. Cobb, deceased, June 3d, 1878; and that the premises in dispute were embraced in the deed from Hull and Billups to T. R. R. Cobb, trustee, as aforesaid.

The defendant relied on a sheriff's deed, dated 3d day of July, 1877, which recited that the premises in dispute were sold by the sheriff to defendant, under a tax execution, on the 2d day of June, 1877, said execution issued by the tax collector of Clarke county, 10th day of January, 1877, against Mrs. M. Clower, for the sum of fifteen dollars and twenty cents, and adverse possession thereunder for more than seven years before the commencement of plaintiff's action, which action was commenced January 9th, 1885. The plaintiff offered to introduce a record showing that an action had been brought by the same plaintiff against the same defendant to recover the same premises, which had been dismissed by the plaintiff for more than six months before the present action was brought, which the court rejected. The plaintiff proved that the premises were worth $2,500.00, and could have been divided into three lots or parcels, each of which was worth more than enough to have paid the executions against Mrs. Clower.

The plaintiff in error contends:

(1) That the execution being against Mrs. Clower for taxes, the same was improperly admitted, because it was not against the land.

(2) That the court erred in rejecting the record of the former suit between these parties, offered in evidence.

(3) The court erred in awarding a nonsuit in said case.

1. The tax execution was properly admitted in evidence, if for no other reason, because it, together with the sheriff's deed to defendant, was color of title. Code, §2683; 16 *Ga.* 593, 596; 22 *Ga.* 56; 55 *Ga.* 25; 4 *Ga.* 308; 33 *Ga.* 239.

2. The record of the former suit was properly rejected because the action was not renewed within six months from the time the same was dismissed, and before the renewal of the action the prescription was complete. The mere bringing of an action, which is dismissed and not prosecuted to a successful termination, is no disturbance of possession. 32 *Ga.* 448. To constitute a breach of covenant for quiet enjoyment, there must be an actual ouster. *Lessee of Gittens vs. Lowry*, 15 *Ga.* 339; Greenl. Ev. 243; 3 Saund. 181-6, note 10. The levy of an execution on the premises is no ouster or disturbance of possession. See 15 *Ga. supra.* So we think that the record offered in evidence was immaterial and properly rejected.

3. The great question in the case is, was the trust, created in the deed from Hull and Billups to Cobb in favor of Mrs. Clower, executed by the woman's law passed in 1866 ? If it was, then Mrs. Clower is barred by the sale and purchase of this land by Fleming of all her rights in the same. If it was not executed then, there having been no trustee on account of the death of General Cobb when the sale took place, and no trustee having been appointed until 1878, then the statute of prescription would not apply. We are of opinion that the trust created in this property for the sole and separate use of Mrs. Clower, became executed upon the passage of the act of 1866, which act makes a *feme covert* a *feme sole* as to her separate estate, and such are the decisions of this court. *Hawkins vs. Taylor*, 61 *Ga.* 171; *Sutton vs. Aiken*, 62 *Ga.* 733; *Banks vs. Sloat, Bussell & Co.*, 69 *Ga.* 330; 73 *Ga.* 209. In the last two cases, the question is fully treated and considered. We are also sat-

isfied that nothing was sold by the sheriff or purchased by Fleming but the interest of Mrs. Clower in this land.

4. The nonsuit in this case was improperly awarded. The plaintiff had made out a case by her proofs, which entitled her to recover. The defendant, when he put in his proofs, showed that he was entitled to recover, but this was a matter for the jury to pass upon, under proper instructions from the court; but the court could not award a nonsuit under these circumstances, although he was of the correct opinion that the plaintiff could not recover.

Judgment reversed.