### DOHERTY *et al.* *v.* MATSELL *et al.*

#### (*Superior Court of New York City, General Term.* June 20, 1888.)

EJECTMENT—POSSESSION UNDER TAX LEASE—WHEN ADVERSE.

Defendant entered under a tax lease, building upon, leasing, and exclusively controlling the premises. Afterwards he assigned "all my estate which I now have by means of the said indenture, or otherwise," referring to the tax lease, and also quitclaimed his interest to a third person, his wife joining in the deed. Thereafter, without any reconveyance or reassignment, he again entered into possession, making no other claim as to title than he had formerly asserted. *Held,* that defendant's possession was not adverse to the owner of the fee, all his acts being consistent with his possession under the tax lease.[1]

Appeal from trial term; RICHARD O'GORMAN, Judge.

Charles W. Doherty and others brought five actions in ejectment against George W. Matsell and another, to recover certain described premises. By stipulation the several actions were held to abide the event of action No. 1. This action was formerly tried by CHARLES H. TRUAX, Judge, and verdict directed for defendants. The general term reversed the judgment, and ordered a new trial. 54 N. Y. Super. Ct. 17. At the second trial judgment was rendered for plaintiffs, and defendants appeal.

*Thomas H. Barowsky,* (*John C. Shaw,* of counsel,) for appellants.

SEDGWICK, J. In this case the important question is whether the possession of George W. Matsell, Sr., was adverse to the plaintiffs, otherwise the true owners. The plaintiffs prove sufficiently legal title in their ancestors. One of them was Henry P. Robertson, and the assessment of the tax under the sale for which Matsell, Sr., took the lease to be referred to, described Robinson as occupant and owner. The time of Matsell's possession, that is the question, was from 1849 to 1864, excepting for about one year, when one Mickle was in possession. In 1849 Matsell entered into possession, and from that year to 1857 did such things in respect of the premises as building upon them, renting and building, and exclusively controlling them as matter of fact. If that were all the evidence as to his claim, it may be conceded that he would have been in adverse possession. But he entered under a tax lease, held it, and afterwards assigned it, in 1857. Whatever he did, was consist-

[1] See note at end of case.

ent with his being a lessee under a tax lease, and there was no proof that he made any claim excepting under that lease. Therefore he claimed only for the term of the tax lease, which, with his act, did not oust the plaintiff of the remainder of the fee until after the term expired. The plaintiff was not put to an action, if he chose to acquiesce in Matsell's claim. On or after 28th of February, 1857, Matsell went out of occupation, one Mickle going into possession. Mickle went in under the following circumstances. Matsell, Sr., assigned to him "all my estate which I now have by means of the said indenture, or otherwise," referring to the tax lease. Evidently the word "otherwise" does not indicate any actual claim in fact made outside of the tax lease. At the same time he made a deed, bearing the same date, and acknowleged at the same time, before a notary. The deed and the assignment of lease are to be treated as one instrument, so far as claims under them are to be considered. So far as the lease affected the claim, Mickle's position was the same as was Matsell's, Sr., theretofore. So far as the deed affects the nature of the claim, as there was no claim in fact outside of an inference from the acts of the parties and from the instruments, Mickle's claim must be taken to be according to the legal nature of the instrument. The deed was a quitclaim deed that conveyed any interest in the land in the grantor, but nothing more. The joining of the wife did not enlarge any actual claim under the deed. It provided for contingencies only, as to there being some estate of inheritance, which the grantor did not claim, existed. The actual claim of Mickle was, according to the inference of an interest under the lease, put on. Matsell's, Sr., had been a possession which allowed an action to the owner as soon as the term expired. *Bedell* v. *Shaw*, 59 N. Y. 49. In my mind it makes no difference that the lease was void or voidable or valid. In no respect did that alter or expand the actual claim made by the adverse possession. After Mickle had been in possession about one year, and in 1858, without any reconveyance by Mickle of any estate or interest, and no re-assignment of the lease, Matsell, Sr., went into possession, occupying and controlling them until 1864, as he had done before he transmitted possession to Mickle. There is no doubt that he might have then begun a possession adverse to the owner of the fee. To begin it, he had to make some other claim than he had previously made. An equivocal position in this regard does not begin adverse possession. By reason of the continuity of possession and of claim, down to Mickle, and the nature of Mickle's claim, and his going into possession again, without further actual hostile claim, I am of opinion that it was not proved that he made any other claim than he had formerly made, or than Mickle had made. I wish to repeat that the acts of occupation were as consistent with a claim to a term only as with a claim to the fee, and were of the same nature as those before his assignment of the lease to Mickle. Thinking that no adverse possession was begun before 1864, the result is that the direction of the court should be sustained, and the judgment affirmed, with costs.

## NOTE.

ADVERSE POSSESSION—WHAT CONSTITUTES. The occupancy necessary to give title by adverse possession must be adverse to the claim of all others, and accompanied by an actual possession, exclusive in its character. Richards v. Smith, (Tex.) 4 S. W. Rep. 571. The statute of limitations will not run in favor of an occupant of real estate, unless the occupancy and possession are adverse to the true owner, and with the intent and purpose of the occupant to assert his ownership of the property. His possession must be as owner, and adverse to every other person. Colvin v. Land Ass'n, (Neb.) 36 N. W. 361. Exercising that dominion over the thing, and taking that use and profit which it is capable of yielding, is a possession. When such acts are so repeated as to show that they are done in the character of owner, and not of an occasional trespasser, the possession is adverse. Baum v. Club, (N. C.) 2 S. E. Rep. 673. Actual occupancy by residence, cultivation, or inclosure, or the erection of permanent improvements, is not required in order to establish title by adverse possession, and that whether, in any case, title has been acquired by length of possession, and to what extent, and within what limits, must be determined by the actual facts. Where one enters upon premises,

under a lease or contract of sale, he cannot set up the statute of limitations for adverse possession, until he surrenders the premises or gives notice that he does not hold them in subordination to the title under which he enters. Alderson v. Marshall, (Mont.) 16 Pac. Rep. 576; Jordan v. Sayre, (Fla.) 3 South. Rep. 329; Cooper v. Morris, (N. J.) 7 Atl. Rep. 427; Murray v. Hudson, (Mich.) 32 N. W. Rep. 889; Murphy v. Doyle, (Minn.) 33 N. W. Rep. 220. Defendant had been for the statutory period of limitation exercising acts of ownership and possession of parts of a certain strip of land, the title to which was in plaintiff. The evidence showed that for the same period plaintiff had been in actual, continuous possession and use of other parts of such strip. Held, that such possession by defendant was no defense to plaintiff's action of ejectment. Railway Co. v. Maffit, (Mo.) 6 S. W. Rep. 600. When a mortgage is in law as well as in equity simply a lien on the land it covers, and it gives no right of possession of the land, the mortgagor's possession during the period allowed by the statute for instituting a suit of foreclosure is not adverse to the rights of the mortgagee, but is subordinate thereto; and the same is true as to the possession of the mortgagor's grantee, although such grantee hold under covenants warranting the title. Jordan v. Sayre, (Fla.) 3 South. Rep. 329. See, also, as to the character of the occupancy necessary to constitute adverse possession, Hyne v. Osborn, (Mich.) 28 N. W. Rep. 821, and note; Scott v. Woodruff, (Ark.) 4 S. W. Rep. 908; Witt v. Railway Co., (Minn.) 35 N. W. Rep. 862; Dame v. Chandler, (Ga.) 4 S. E. Rep. 765; Todd v. Todd, (Ill.) 7 N. E. Rep. 585; Locke v. Whitney, (N. H.) 3 Atl. Rep. 920; Merrill v. Tobin, 30 Fed. Rep. 738; Roots v. Beck, (Ind.) 9 N. E. Rep. 698; Iron-Works v. Wadhams, (Mass.) Id. 1; Evans v. Templeton, (Tex.) 6 S. W. Rep. 843; Riggs v. Riley, (Ind.) 15 N. E. Rep. 253; Mason v. Stapper, (Tex.) 8 S. W. Rep. 598, and note.