## NORTH HIGHLANDS LAND COMPANY v. HOLT et al.

LUMPKIN, J. 1. The answer of the defendant to a suit for the purchase-price of land alleged that there had been an agreement between an individual and a corporation, touching a division of a tract of land, which contained the following clause: "Together with the right, title, and interest to the said A. O. Bacon, trustee, his heirs and successors, and all other persons hereafter acquiring under him any portion of the lands above mentioned or other lands now owned by said A. O. Bacon, individually or as trustee, to the use and enjoyment of the park, as it is now located or may hereafter be located and defined upon the lands of the North Highlands Land Co., or any other land conveyed to them or used by them for park purposes." It further alleged that at certain sales made by the company, land of which the two lots now involved formed a part was designated and declared by the auctioneer representing the plaintiff as a perpetual and permanent park; and that the defendant was unable to furnish the names of purchasers at such sales, except one. The defendant also alleged that the plaintiff did not have a "merchantable" title, and that the sale to the defendant was made subject to an examination of the titles, and with the statement that if the plaintiff did not have a good and legal title to the lots the purchaser would not be compelled to take them; and that she discovered the state of the title upon an examination of it. *Held*, that the marketability of the plaintiff's title was involved.

2. As to marketable title, see *Cowdery* v. *Greenlee*, 126 *Ga.* 786 (55 S. E. 918, 8 L. R. A. (N. S.) 137); Bouvier's Law Dictionary, Words and Phrases, words "marketable title."

3. Although the person who had the division of land with the plaintiff was made a party at the instance of the defendant, there were purchasers from the plaintiff who were not made parties, and who would not be bound by the decree and judgment rendered in the case. Accordingly, the making of such party who would be bound did not destroy the defense that the title which the plaintiff could convey to the defendant was not marketable.

4. The request to charge which was refused was not in all respects accurate, and, under the pleadings and evidence, restricted the defense somewhat too closely.

5. The charges of the court complained of may have contained some inaccuracy, but it was not of sufficient materiality to constitute reversible error.        *Judgment affirmed.   All the Justices concur.*
                                AUGUST 13, 1915.

Complaint. Before Judge Mathews. Bibb superior court. January 20, 1914.

*Guerry & Son,* for plaintiff.

*R. K. Hines* and *L. D. Moore,* for defendants.