## 9355.  PAPPA v. POPE.

BROYLES, P. J.  Under the particular facts of the case the court erred in dismissing the amended petition on general demurrer.

*Judgment reversed. Bloodworth, J., concurs. Harwell, J., concurs dubitante.*

DECIDED JULY 10, 1918.

Action for breach of contract; from Wilkes superior court— Judge Walker.  November 7, 1917.

Pappa sued Pope for breach of a contract to exchange land. From the petition it appears that on August 3, 1916, the plaintiff and the defendant made a written contract for the exchange of certain town lots and farm lands.  Among the lots described are "38 lots located on East Fair Street and East End Avenue in DeKalb county, Ga.," and the contract, after stating that Pappa "is the owner" of these lots, adds that "title to the above-mentioned property on East Fair Street and East End Avenue is in the name of the wife of the said Pappa, and the said Pappa obligates himself to deliver good title to said property to said Pope."  It is stipulated that "The exchange of properties is to take place as soon as the titles can be examined. . . A reasonable time is to be allowed for the examination of the titles to the above-described properties, and if the titles are not good and can not be made good in a reasonable time, this contract is to be cancelled and the parties restored to their original positions."  Pappa is to deliver to Pope the property described as owned by Pappa, free from liens or incumbrances, except a loan of $4,000 on 610 North Boulevard.  The petition alleges, that after the contract was made, the petitioner "promptly put into the hands of defendant and his attorney and representative, Carroll Latimer, the title papers to his property, and employed I. T. Irvin Jr. to look into the title of the defendant to the property of defendant.  3. Petitioner found no deficiencies of the title of said Pope which petitioner was not willing to waive, though the title was not in all respects perfect or clear as to some of the property.  4. About September 8 defendant returned some of the petitioner's title papers, saying that the title was not satisfactory, but declined to state wherein the title was deficient or unsatisfactory.  5. Your petitioner straightway set about correcting any deficiency he could find, employing lawyers to search for such and correct them.  Within thirty days and

within a reasonable time the corrections were submitted to the defendant and said attorney and representative, the title of petitioner being then and theretofore good and sufficient and capable of being made good in a reasonable time.   6.   Said representative Latimer, however, refused to accept the same, and said that defendant would in no event go forward with the trade, still not pointing out any defect or trouble that required remedy.   7.   On September 25, 1916, said defendant wrote petitioner, stating that he would not carry out said trade, and petitioner wrote in reply insisting that defendant should do so.   8.  About October 15, 1916, the representative of petitioner, Mr. R. B. Blackburn, called upon said Mr. Latimer, the representative, and offered to prepare all necessary conveyances, and offered in petitioner's behalf to execute conveyances to defendant and otherwise carry out the undertakings of petitioner in this behalf, and requested compliance by defendant, but said Latimer said it was unnecessary, because defendant would in no case go forward with the trade, and would absolutely refuse to carry the same out.   9.  Said Latimer was agent and representative of defendant in the matter and authorized to speak for him.   10.  Nevertheless, thereafter, on December ——, 1916, petitioner went to  .   .   see defendant and again offered to carry out said trade, and requested defendant so to do on his part, when said defendant absolutely refused to do so or proceed further therein.   11.  Petitioner was at all said times and is now ready and willing and offers to carry out all obligations resting on him under said contract, and to deliver to said Pope the property mentioned in said contract as to be by him delivered, free of liens and incumbrances except $4,000 on 610 North Boulevard as therein specified: Taxes thereon for 1916 have been paid.   12.  Said defendant, however, as aforesaid, absolutely refuses to carry out his obligations in the premises, or to convey or transfer to petitioner the property he bound himself to convey, but has broken his contract as aforesaid. 13.  By said breach of contract defendant has injured and damaged petitioner in the sum of $6,602.75."  Different items of damages are specified.

By amendment it was alleged:   "25. The said contract was fully known and authorized by the said plaintiff's wife, Mrs. Katie Pappa, and as to her property he acted as her agent and in her behalf, and she was ready and willing and had agreed to convey

said property at any time to the said defendant, or otherwise as said defendant might direct, and petitioner was thus at all times ready, willing, and able to deliver good title to said property to defendant, title to which it was understood and agreed was in the wife of petitioner. 26. Petitioner's said wife had, at all the times mentioned in the petition, herself good title to said property averred to be in her, she having been in adverse possession thereof under color of title, to wit, a deed of gift from petitioner, for about twenty years, and those under whom she claims having had such possession under color of title for more than forty years, and there being no adverse claimants of title. 27. Petitioner had in himself, at all the times mentioned in the petition, good and merchantable [title?] to the property to be conveyed by him under said contract, and was ready, willing, and able to convey the same to said Pope, having title to each of said properties by regular chain of recorded conveyances from the State down to himself, and having also been in possession of each under color of title and adversely for more than seven years, and his predecessors in title having had such adverse possession for more than forty years under color of title. 28. During the month of August, 1916, after petitioner placed his conveyance in the hands of defendant, the defendant employed said Latimer and the Atlanta Title Guaranty Company to investigate petitioner's titles upon the records. As a result, defendant and his said agents requested of petitioner rectification of the title above mentioned as being in Mrs. Katie Pappa, in three respects only, to wit: 1. It was complained that three deeds in the chain of title, all dated prior to 1879, were defectively recorded, in that the caption was written DeKalb county and they were attested by an officer of Fulton county. 2d. That the conveyance claimed to be into one Jesse Boob, or Baub, was recorded as into Jerre Roob. 3d. That no proof was furnished as to the heirs of Jesse Baub. No other complaint was made of this title, and no complaint at all of any other title at this time. 29. Petitioner thereupon (though the first-mentioned complaint constituted no defect, he having said original deeds and they all being over thirty years old, and there being no claim of any conflicting title) sought and found one of the subscribing witnesses and had said deeds probated for record, one in a few days and the others within a reasonable time. 30. As to the second complaint, he produced

the original deed, which read to Jesse Baub really, and the same was recorded accordingly. 31. As to the third defect, he procured the affidavit of . . a relative of Jesse Baub's family and accounted for his heirs at law, and showing that none of them could claim the property; the same having been sold under order of the court of ordinary of DeKalb county, as appeared by the records, in 1897, as the property of Jesse Baub, to pay taxes and other debts, to George Hillyer, and passed from him to petitioner, and thence to petitioner's said wife, all title of said heirs being thereby divested, independently of prescription. 32. Said Pope at no time made any objections to said title on account of the title being in the wife of petitioner, or on account of her not having actually executed any deed or procured any order of the superior court, if such were necessary; and such contention was not made in the answer of defendant filed in this case, nor mentioned till the week preceding this November term of this court to petitioner's attorney and in argument before the court. Petitioner was given no opportunity to do anything in reference thereto, if anything be necessary to be done, but defendant's making other objections aforesaid and making no complaint as to this waived any ground of complaint thereabout. 33. Defendant, instead of making further complaint about said title then, during the month of September, 1916, said the title to the property described as being on Larkin street was not good, but, on inquiry by petitioner as to the trouble found, defendant refused to give any information thereabout, but declared he would in no event proceed with the contract, though petitioner offered to meet and exchange the deeds called for by their contract, and otherwise to perform on his part; all within a reasonable time as aforesaid. It was then that petitioner employed attorneys for himself to endeavor to find any defect of which complaint might be made, as alleged in the petition, they finding none. 34. As to the other properties contracted to be sold, no complaint of the title was made prior to said absolute refusal by defendant to proceed, and pending this suit defendant has in writing, through his attorney of record, stated that no defect in them was found or insisted on."

The petition as amended was dismissed on demurrer, on the ground that it sets forth no cause of action.

*Samuel H. Sibley, W. A. Slaton,* for plaintiff, cited: *Cowdery* v.

*Greenlea,* 126 *Ga.* 786; 39 Cyc. 1981, 1983, 2079, 2081, 1541, 1984, 2089, 2096, 2103, 2105, 2110, 2112, 2114, 1988-9; *Horne* v. *Rodgers,* 113 *Ga.* 227; *Booth* v. *Saffold,* 46 *Ga.* 278 (2); *Irwin* v. *Askew,* 74 *Ga.* 582 (4); *Mobley* v. *Lott,* 127 *Ga.* 572; Civil Code (1910), § 4402; *Wells* v. *Smith,* 54 *Ga.* 263; *Butler* v. *Frank,* 7 *Ga. App.* 655 (2), 657; *Hawkins* v. *Taylor,* 61 *Ga.* 171 (2); Civil Code (1910), § 3609 (3).

*W. Carroll Latimer, R. C. Norman,* for defendant: Maupin on Marketable Title (1907), 704, 710, § 281; *Morgan* v. *Morgan,* 15 U. S. 299; *Danforth* v. *Perry,* 20 Ill. App. 130; *Cornell* v. *Andrus,* 36 N. J. Eq. 321; *Pfaff* v. *Cilsdorff,* 50 N. E. 670; *Wellmaker* v. *Wheatley,* 123 *Ga.* 201; Civil Code (1910), § 4638; *Tippins* v. *Phillips,* 123 *Ga.* 415; *Prater* v. *Sears,* 77 *Ga.* 28; *Marchman* v. *Fowler,* 145 *Ga.* 682; *Cowdery* v. *Greenlea,* 126 *Ga.* 790; *North Highlands Land Co.* v. *Holt,* 144 *Ga.* 43; Civil Code (1910), §§ 3009-10, 4152; *Cain* v. *Ligon,* 71 *Ga.* 692; *Sasser* v. *Sasser,* 73 *Ga.* 275.